# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Debra Thompson,                :
              Petitioner       :
                            :
         v.                 :    No. 1227 C.D. 2016
                            :    Submitted: January 13, 2017
Workers' Compensation Appeal       :
Board (Exelon Corporation),          :
              Respondent    :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                  HONORABLE ANNE E. COVEY, Judge
                  HONORABLE JOSEPH M. COSGROVE, Judge

OPINION BY JUDGE BROBSON          FILED: August 16, 2017

Petitioner Debra Thompson (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board), dated July 8, 2016. The Board affirmed, in part, and reversed, in part, the decision and order of a Workers' Compensation Judge (WCJ). The Board affirmed the WCJ's denial of Claimant's petition to review compensation benefits and modified Claimant's benefits as of August 30, 2005. The Board reversed the WCJ's expansion of the description of Claimant's work injury. For the reasons that follow, we now reverse, in part.

The parties stipulated to the relevant facts in the instant case. (Reproduced Record (R.R.) at 56a.) Thus, the factual background in this matter is not in dispute. Claimant sustained a work-related injury on October 16, 1998, and Exelon Corporation (Employer) issued a notice of compensation payable. Claimant received total disability workers' compensation benefits from October 20, 1998, through November 2, 1999. From November 2, 1999, until

May 8, 2000, Claimant received partial disability benefits. Claimant's workers' compensation benefits were suspended from May 9, 2000, until October 7, 2001. On October 8, 2001, Claimant began working in a light duty position and received partial disability benefits.

Employer laid off Claimant from her light duty position on September 23, 2003. Claimant received severance and unemployment compensation benefits until September 15, 2004, at which time Claimant's total disability benefits were reinstated. On September 12, 2005, Employer requested a designation of a physician to perform an impairment rating evaluation (IRE) of Claimant. On September 19, 2005, Claimant received notice of an IRE appointment with James Bonner, M.D., and Dr. Bonner performed the IRE on October 13, 2005. Dr. Bonner concluded that Claimant's impairment rating was 23%. As a result of the IRE, Claimant received a notice of change of workers' compensation disability status (Notice), which indicated that Claimant's disability status was changed from total to partial, effective August 30, 2005.

Employer filed a petition to modify and suspend benefits on December 29, 2010, alleging that Claimant would reach 500 weeks of partial disability benefits as of October 8, 2012. On April 5, 2011, Claimant filed a review petition, seeking review of the 2005 IRE determination, because she had not reached maximum medical improvement (MMI). A WCJ consolidated the various petitions and issued a decision. The WCJ granted, in part, Employer's modification petition, denied Employer's suspension petition, and denied, in part, Claimant's review petition. The WCJ concluded that the results of the IRE established that Employer was entitled to modify Claimant's benefits from total disability to partial disability. The WCJ concluded that because Claimant had not

2

received total disability benefits from September 23, 2003, through September 15, 2004, Employer had properly requested the IRE within 60 days of the expiration of Claimant's 104-week total disability period pursuant to what was *then* Section 306(a.2) of the Workers' Compensation Act (the Act).[1] The WCJ also determined that Claimant had reached MMI by October 13, 2005. The WCJ, however, concluded that the effective date for the modification of benefits should be January 4, 2006, rather than August 30, 2005. Both Claimant and Employer appealed to the Board.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 511.2, added by the Act of June 24, 1996, P.L. 350, held unconstitutional by *Protz v. Workers' Comp. Appeal Bd. (Derry Area Sch. Dist.)*, 161 A.3d 827 (Pa. 2017) (*Protz II*). Former Section 306(a.2) of the Act provided, in pertinent part:

> (1) When an employe has received total disability compensation pursuant to clause (a) for a period of one hundred four weeks, unless otherwise agreed to, *the employe shall be required to submit to a medical examination which shall be requested by the insurer within sixty days upon the expiration of the one hundred four weeks to determine the degree of impairment due to the compensable injury*, if any. The degree of impairment shall be determined based upon an evaluation by a physician who is licensed in this Commonwealth . . . .

> (2) If such determination results in an impairment rating that meets a threshold impairment rating that is equal to or greater than fifty per centum impairment *under the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment,"* the employe shall be presumed to be totally disabled and shall continue to receive total disability compensation benefits under clause (a). If such determination results in an impairment rating less than fifty per centum impairment *under the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment,"* the employe shall then receive partial disability benefits under clause (b): Provided, however, [t]hat no reduction shall be made until sixty days' notice of modification is given.

(Emphasis added).

The Board issued an opinion and order on December 17, 2014. In its opinion, the Board did not address whether the WCJ erred by not including in the calculation of the 104-week period of total disability the time Claimant received only severance and unemployment compensation benefits or whether the WCJ erred in finding that Claimant had reached MMI. Rather, the Board concluded that Claimant was time-barred from challenging the change of her disability status, because she did not appeal within the 60-day period after she received the Notice, nor could she appeal within the 500-week period of partial disability without a qualifying IRE determination.

Claimant petitioned this Court for review, arguing: (1) the Notice deprived her of due process, and, therefore, the Board erred in concluding that she was time-barred from challenging the change of her disability status; (2) the WCJ erred in finding that the period during which Claimant received severance benefits should not be counted in determining whether the IRE occurred within 60 days after Claimant had received total disability benefits for 104 weeks; and (3) substantial evidence did not support the WCJ's finding that Claimant had reached MMI on the day of her IRE. This Court held that the language in the Notice was inadequate so as to deprive Claimant of her due process rights and that the Board should have considered the merits of her appeal. *Thompson v. Workers' Comp. Appeal Bd. (Exelon Corp.)*, (Pa. Cmwlth., No. 34 C.D. 2015, filed Jan. 29, 2016) (*Thompson I*). Accordingly, we vacated the Board's order, dated

4

December 17, 2014, and remanded the matter to the Board to consider the merits of Claimant's appeal.[2]

On remand, by opinion and order dated July 8, 2016, the Board concluded that the WCJ did not err in determining that Employer was entitled to an automatic modification of Claimant's benefits under then Section 306(a.2) of the Act and that Claimant's benefits should be modified from total to partial disability effective August 30, 2005. The Board reasoned that Claimant did not receive workers' compensation benefits between September 24, 2003, and September 15, 2004, because she was receiving severance benefits in lieu of workers' compensation benefits, and, thus, Employer properly excluded that time period for purposes of calculating the 104-week time period required under Section 306(a.2)(1) of the Act. The Board further concluded that Dr. Bonner's opinion was sufficient to support his finding that Claimant suffered from a 23% whole body impairment, and, thus, Claimant's benefits should be modified from total to partial disability benefits as of August 30, 2005, when Claimant reached 104 weeks of total disability.

In her petition for review,[3] Claimant now raises the following issues: (1) whether the WCJ erred in concluding that the time period that Claimant received severance benefits in lieu of workers' compensation benefits should be

---

[2] Because we remanded the matter to the Board for further consideration, we did not address the remaining issues that Claimant raised in her petition for review of the Board's order, dated December 17, 2014.

[3] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

excluded from the calculation of the 104-week time period pursuant to what was then Section 306(a.2)(1) of the Act; (2) whether the WCJ erred in relying on Dr. Bonner's opinion that Claimant had reached MMI on October 13, 2005; and (3) whether the WCJ erred in concluding that Claimant's benefits were modified based on an IRE performed using the *Fifth* Edition of the American Medical Association's (AMA) Guides, the use of which, at the time of the filing of the petition for review, had been declared unconstitutional by this Court in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406, 416 (Pa. Cmwlth. 2015) (*Protz I*), *aff'd*, *in part*, *rev'd*, *in part*, 161 A.3d 827 (Pa. 2017) (*Protz II*).[4]

In *Protz I*, this Court declared Section 306(a.2) of the Act to be "an unconstitutional delegation of legislative authority insofar as it proactively

---

[4] Employer does not argue that the use of the Fifth Edition of the AMA Guides has not been declared unconstitutional, nor does Employer contest that Dr. Bonner actually used the Fifth Edition of the AMA Guides in conducting the IRE. Instead, Employer argues that Claimant failed to timely raise the issue of Dr. Bonner's use of the Fifth Edition of the AMA Guides and that Claimant should be barred from raising the constitutionality of Section 306(a.2)(1) of the Act because Claimant failed to notify the Attorney General of a constitutional challenge. Because this matter began before *Protz I* and *Protz II* were decided and this appeal implicates the validity of Section 306(a.2)(1) of the Act, Claimant raised this issue at the first opportunity to do so. *See* Pa. R.A.P. 1551(a). Thus, Claimant is not precluded from raising the issue of the improper use of the Fifth Edition of the AMA Guides on appeal. *See Mazuruk v. Workers' Comp. Appeal Bd. (Gillin & Sons Contracting, Inc.)* (Pa. Cmwlth., No. 1216 C.D. 2015, filed Oct. 14, 2016) (applying *Protz I* even though case was decided after Board's decision and claimant's petition for review). Furthermore, Claimant was not required to notify the Attorney General of a constitutional challenge, because she is arguing that this Court should remand for the WCJ to apply our precedent in *Protz I*, which concluded that Section 306(a.2)(1) of the Act is unconstitutional as to the Fifth Edition of the AMA Guides. Claimant, herself, is not litigating the constitutionality of Section 306(a.2)(1) of the Act, which has just recently been decided by our Supreme Court.

approved versions of the AMA Guides beyond the Fourth Edition without review." *Protz I,* 124 A.3d at 416. "We vacate[d] the Board's decision with respect to [the e]mployer's modification petition and remanded the matter to the Board with instruction to remand to the WCJ to apply the Fourth Edition of the AMA Guides in adjudicating the same." *Id.* Our Supreme Court, in *Protz II*, agreed that Section 306(a.2) constituted an unconstitutional delegation of legislative authority, but it disagreed with the remedy provided by this Court. The Supreme Court concluded that as a result of the unconstitutional delegation, the *entirety* of Section 306(a.2) of the Act must be stricken as unconstitutional.[5] In so doing, the Supreme Court essentially struck the entire IRE process from the Act.[6] Thus, we are compelled to reverse the Board's affirmance of the WCJ's modification of

---

[5] Under former Section 306(a.2)(1) of the Act, an employer could request that a claimant who has received total disability benefits for a total of 104 weeks undergo an IRE to evaluate the degree of permanent impairment caused by a work injury and any change of a claimant's disability status from total disability to partial disability. *IA Constr. Corp. v. Workers' Comp. Appeal Bd. (Rhodes)*, 139 A.3d 154, 155-56 (Pa. 2016). If an employer requested the IRE within 60 days after the claimant has received 104 weeks of total disability benefits, an impairment rating of less than 50% operated to automatically reduce the claimant's status to partial disability. *Gardner v. Workers' Comp. Appeal Bd. (Genesis Health Ventures)*, 888 A.2d 758, 765-68 (Pa. 2005). Under former Section 306(a.2)(6) of the Act, an employer could request an IRE beyond that 60-day period, but any reduction of claimant's status to partial disability based on the results of such an IRE was not automatic and had to be sought through a modification petition. *Gardner*, 888 A.2d at 766-68. The requirements for a valid IRE set forth in former Section 306(a.2)(1) of the Act, other than the 60-day limitation, also applied to IREs requested and performed under former Section 306(a.2)(6). *Logue v. Workers' Comp. Appeal Bd. (Cmwlth. of Pa.)*, 119 A.3d 1116, 1119 (Pa. Cmwlth.), *appeal denied*, 130 A.3d 1293 (Pa. 2015). An IRE requested before the claimant has received 104 weeks of total disability benefits was invalid and could not support a modification of benefits to partial disability. *Dowhower v. Workers' Comp. Appeal Bd. (Capco Contracting)*, 919 A.2d 913, 917-18 (Pa. 2007).

[6] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

Claimant's benefits, because under the Supreme Court's recent decision in *Protz II*, Section 306(a.2) is stricken and no other provision of the Act allows for modification of benefits based on an IRE.

Accordingly, the Board's opinion and order is reversed to the extent that it modified Claimant's workers' compensation benefits from full to partial.


_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Debra Thompson,       :
       Petitioner :
            :
    v.        :  No. 1227 C.D. 2016
            :
Workers' Compensation Appeal  :
Board (Exelon Corporation),   :
       Respondent :

## **O R D E R**

AND NOW, this 16th day of August, 2017, the order of the Workers' Compensation Appeal Board (Board), dated July 8, 2016, is REVERSED to the extent that it modified Petitioner's workers' compensation benefits from total to partial.

          _____
          P. KEVIN BROBSON, Judge