# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Craig A. Bradosky, : 
                 Petitioner : 
                 : 
             v. : No. 1567 C.D. 2015 
                 : Submitted: December 8, 2017 
Workers' Compensation Appeal : 
Board (Omnova Solutions, Inc.), : 
                Respondent : 

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
                    HONORABLE P. KEVIN BROBSON, Judge
                    HONORABLE DAN PELLEGRINI, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**           **FILED: February 2, 2018**

Craig A. Bradosky (Claimant) petitions for review of an Order of the Workers' Compensation Appeal Board (Board), dated July 28, 2015, which affirmed a Decision and Order by a Workers' Compensation Judge (WCJ) modifying his benefits. Because the modification was based upon an impairment rating evaluation (IRE) using the Sixth Edition of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (AMA *Guides*), the IRE is invalid under *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017). Accordingly, we reverse.

The relevant facts of this case are not in dispute. Claimant strained his left calf while in the course of his employment with Omnova Solutions, Inc. (Employer)

on July 18, 2006. Employer issued a Notice of Compensation Payable accepting the injury and began paying benefits. Benefits were modified in 2006 but were ultimately reinstated in 2010 pursuant to a stipulation by the parties that was memorialized in a decision by a WCJ.

On March 15, 2012, Employer filed a Modification Petition alleging that Claimant's status should be changed from total disability to partial disability as of February 1, 2012.[1] The basis for the Modification Petition was an IRE performed by Dr. Milton Klein, who calculated Claimant's whole body impairment rating to be five percent. The IRE was performed using the Sixth Edition of the AMA *Guides*. In his answer to the Modification Petition, Claimant denied the allegations and also challenged the constitutionality of the IRE process.

Based upon the IRE, the WCJ granted Employer's Modification Petition changing Claimant's status from total disability to partial disability effective February 1, 2012. In her Decision, the WCJ noted Claimant's continued objection to the constitutionality of IREs but found she did not have authority to rule on constitutional issues. The WCJ appended to her February 15, 2013 Decision a prior decision and order she issued on December 15, 2011, ordering Claimant to appear for the IRE. Claimant had refused to attend the IRE on a number of bases, including, *inter alia*, that the IRE provisions "are unconstitutional as a private entity, [the AMA,] not the Pennsylvania Legislature, set the disability eligibility standards under the Act." (WCJ Decision, Dec. 15, 2011, Finding of Fact (FOF) ¶ 4(a).) There, the

---

[1] On July 8, 2011, Employer also filed petitions to terminate or suspend benefits, alleging Claimant fully recovered or sufficiently recovered from his work injury such that he was able to return to work without restrictions as of June 20, 2011. The WCJ denied and dismissed those petitions. Employer initially appealed from the WCJ decision but withdrew the appeal to the Board. Therefore, the petitions to terminate or suspend benefits are not before us.

WCJ similarly found she could not address the constitutional challenges to IREs and overruled Claimant's objections but expressly noted them for purposes of appeal.

Claimant appealed to the Board, which affirmed. The Board likewise noted Claimant's argument "that the IRE process is constitutionally defective because it impermissibly delegates power to the AMA where the [Workers' Compensation] Act[2] is effectively amended with each new edition of the AMA *Guides*." (Bd. Op. at 6 n.4.) However, it, too, found that its "scope of review does not include review of constitutional questions." (*Id.* (citing *Ligonier Tavern, Inc. v. Workmen's Comp. Appeal Bd. (Walker)*, 714 A.2d 1008, 1009 n.7 (Pa. 1998)).) Therefore, it refused to address Claimant's constitutional claims.

On August 26, 2015, Claimant filed his Petition for Review (Petition). In his Petition, Claimant stated:

> The Workers' Compensation Appeal Board was not able to address the fact that the Pennsylvania Legislature, pursuant to Section 306(a.2)(1) of the Workers' Compensation Act, has created a constitutionally flawed methodology to measure the percentage of impairment of a permanently disabled worker.
>
> Therefore, [Claimant] raise[s] the following arguments before this Honorable Court:
>
> A.    THE IRE METHODOLOGY OF SECTION 306(a.2)(1)[3] OF THE WORKERS' COMPENSATION ACT IS AN IMPERMISSIBLE

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

[3] Added by Section 4 of the Act of June 24, 1996, P.L. 350, 77 P.S. § 511.2(1). Section 306(a.2)(1) provides:

When an employe has received total disability compensation pursuant to clause (a) for a period of one hundred four weeks, unless otherwise agreed to, the employe shall be required to submit to a medical examination which shall be requested by the insurer within sixty days upon the expiration of the one hundred four weeks to determine the degree of impairment due to the compensable injury, if any. The

DELEGATION OF THE GENERAL ASSEMBLY'S LAW MAKING POWER TO THE AMA: EACH TIME THAT THE AMA ISSUES A NEW EDITION OF THE *GUIDES*, THE WORKERS' COMPENSATION ACT IS AMENDED[;]

B. DELEGATING LEGISLATIVE AUTHORITY AND RULEMAKING TO A PRIVATE BODY, SUCH AS THE AMA, ABROGATES THE GENERAL ASSEMBLY'S LEGISLATIVE AUTHORITY AND VIOLATES THE FUNDAMENTAL PRECEPTS OF A DEMOCRACY[; AND]

C. THE PREVAILING CASE LAW OF PENNSYLVANIA'S SISTER STATES PROVIDES ADDITIONAL INSIGHT INTO THE TREATMENT OF "THE MOST RECENT EDITION" OF THE [AMA] *GUIDES*[.]

(Petition ¶ 5.) Claimant noted that the issues raised in his appeal were currently pending in other cases before this Court, including *Protz v. Worker's Compensation Appeal Board (Derry Area School District)* (Pa. Cmwlth., No. 1024 C.D. 2014), which had been argued before the Court *en banc* on April 15, 2015. This Court issued its opinion reversing the Board in *Protz* on September 18, 2015, finding that Section 306(a.2) violated the Constitution by delegating the authority to make law to the AMA. *Protz v. Workers' Comp. Appeal Bd. (Derry Area Sch. Dist.)*, 124 A.3d 406, 412 (Pa. Cmwlth. 2015). A petition for allowance of appeal to the Pennsylvania Supreme Court was filed in *Protz* on October 16, 2015. While that petition was pending, Employer filed its Unopposed Motion to Stay, seeking an order staying this

---

degree of impairment shall be determined based upon an evaluation by a physician who is licensed in this Commonwealth, who is certified by an American Board of Medical Specialties approved board or its osteopathic equivalent and who is active in clinical practice for at least twenty hours per week, chosen by agreement of the parties, or as designated by the department, pursuant to the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment."

77 P.S. § 511.2(1).

action "until the Pennsylvania Supreme Court issues a ruling on the identical issue in" *Protz*. (Employer's Unopposed Motion to Stay at 1.) Employer averred that "[a] final determination [in *Protz*] will establish the applicable law regarding whether the IRE methodology of Section 306(a.2)(1) of the Workers' Compensation Act is constitutional." (*Id.* ¶ 5.) By Order dated December 9, 2015, the Court granted the motion, and the stay was renewed a number of times thereafter.

On June 20, 2017, the Pennsylvania Supreme Court issued its opinion in *Protz*. The Supreme Court found that Section 306(a.2) of the Act violates Article II, Section 1 of the Constitution, which provides that all legislative power "shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives," Pa. Const. art. II, § 1, because it delegates this authority to the AMA by allowing it to use the most recent version of the AMA *Guides*. *Protz*, 161 A.3d at 838. The Supreme Court explained the problems with AMA's "unbridled" authority:

> The General Assembly did not favor any particular policies relative to the *Guides'* methodology for grading impairments, nor did it prescribe any standards to guide and restrain the AMA's discretion to create such a methodology. Without any parameters cabining its authority, the AMA would be free to: (1) concoct a formula that yields impairment ratings which are so inflated that virtually every claimant would be deemed to be at least 50% impaired; or (2) draft a version of the *Guides* guaranteed to yield impairment ratings so miniscule that almost no one who undergoes an IRE clears the 50% threshold; or (3) do anything in between those two extremes. The AMA could add new chapters to the *Guides*, or it could remove existing ones. It could even create distinct criteria to be applied only to claimants of a particular race, gender, or nationality.
>
> Consider also that the AMA could revise the *Guides* once every ten years or once every ten weeks. If the AMA chooses to publish new editions infrequently, Pennsylvania law may fail to account for recent

5

medical advances. By contrast, excessive revisions would likely pose severe administrative headaches, inasmuch as the *Guides* automatically have the force and effect of law once published. As these hypotheticals illustrate, the General Assembly gave the AMA de facto, unfettered control over a formula that ultimately will determine whether a claimant's partial-disability benefits will cease after 500 weeks.

Equally problematic, the General Assembly did not include in Section 306(a.2) any of the procedural mechanisms that this Court has considered essential to protect against "administrative arbitrariness and caprice." The General Assembly did not, for example, require that the AMA hold hearings, accept public comments, or explain the grounds for its methodology in a reasoned opinion, which then could be subject to judicial review. Further, the AMA physicians who author the *Guides* are, of course, not public employees who may be subject to discipline or removal.

*Id.* at 835-36 (footnotes and citations omitted).

The Supreme Court struck down Section 306(a.2) in its entirety, finding it could not be severed from the Act. *Id.* at 841 (citing 1 Pa. C.S. § 1925 ("[P]rovisions of every statute shall be severable . . . unless the court finds that the valid provisions of the statute are so essentially and inseparably connected with, and so depend upon, the void provision or application, that it cannot be presumed the General Assembly would have enacted the remaining valid provisions without the void one.")).

Shortly after the Supreme Court's decision in *Protz*, this Court lifted the stay in the instant matter, and Claimant filed an Application for Summary Relief, asserting *Protz* controls and asking the Court to reverse the decision of the Board and WCJ and reinstate Claimant to total disability benefits. Employer filed an answer, asserting for the first time that Claimant did not preserve his constitutional challenge and, therefore, waived the issue on appeal. By Order dated August 21, 2017, this Court directed the Application for Summary Relief be addressed with the merits of the Petition.

On appeal,[4] Claimant raised one issue: whether the holding in *Protz* applies to the instant case, which was pending when *Protz* was decided. Employer contends the issue is waived because it was not raised in the Petition, citing *Winchilla v. Workers' Compensation Appeal Board (Nexstar Broadcasting)*, 126 A.3d 364 (Pa. Cmwlth. 2015), or, alternatively, seeks a remand to determine whether modification of Claimant's benefits is proper under some other mechanism, citing *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Company)*, 532 A.2d 374 (Pa. 1987). Claimant responds that the *Protz* issue has been raised at each and every level of review and that Employer's assertions to the contrary make its contest unreasonable.

A review of the record clearly shows that Claimant has challenged the constitutionality of IREs throughout this litigation. Claimant first asserted that the IRE provision was unconstitutional when he refused to attend the IRE and had to be ordered by the WCJ to attend. The WCJ in that order, as well as in her more recent Decision, noted Claimant's challenge to the constitutionality of Section 306(a.2), but explained that she had no authority to adjudicate constitutional issues. The Board likewise found itself handcuffed when Claimant raised the constitutional issue before it. In his Petition, Claimant again asserted the issue that Section 306(a.2) failed to pass constitutional muster.

Employer maintains that Claimant's Petition is defective because it does not comply with Rule 1513(d) of the Pennsylvania Rules of Appellate Procedure. The

---

[4] Our "standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence." *Thompson v. Workers' Comp. Appeal Bd. (Exelon Corp.)*, 168 A.3d 408, 412 n.3 (Pa. Cmwlth. 2017).

7

version of Rule 1513(d) that was in effect at the time Claimant's Petition was filed provided, in pertinent part:

> **Content of appellate jurisdiction petition for review.** An appellate jurisdiction petition for review shall contain: (1) a statement of the basis for the jurisdiction of the court; (2) the name of the party or person seeking review; (3) the name of the government unit that made the order or other determination sought to be reviewed; (4) reference to the order or other determination sought to be reviewed, including the date the order or other determination was entered; (5) a general statement of the objections to the order or other determination; and (6) a short statement of the relief sought. A copy of the order or other determination to be reviewed shall be attached to the petition for review as an exhibit. The statement of objections will be deemed to include every subsidiary question fairly comprised therein. No notice to plead or verification is necessary.

*Former* Pa.R.A.P. 1513(d).[5]

Employer contends that the Petition does not reference the orders sought to be reviewed, including the date the orders were entered, pursuant to Pa.R.A.P. 1513(d)(4), but Paragraph 2 of the Petition states that "Petitioner is appealing from the decision of the [Board] dated July 28, 2015." (Petition ¶ 2.) Employer also argues that the Petition does not set forth a short statement of the relief sought, pursuant to Pa.R.A.P. 1513(d)(6); however, the Wherefore Clause states that the "Petitioner prays [that this Court] grant the Petition for Review, reverse the decision of the [Board], and grant such other relief as may be justified under the circumstances." (Petition, Wherefore Clause.) Finally, Employer asserts the

---

[5] In December 2014, the rule was amended to modify, *inter alia*, subpart (5), which now reads: "a general statement of the objections to the order or other determination, but the omission of an issue from the statement shall not be the basis for a finding of waiver if the court is able to address the issue based on the certified record." Pa.R.A.P. 1513(d)(5). In its official note, the amendment was explained as an attempt "to preclude a finding of waiver if the court is able, based on the certified record, to address an issue not within the issues stated in the petition for review but included in the statement of questions involved and argued in a brief." Pa.R.A.P. 1513, Official Note 2014.

8

Petition does not include a general statement of objections, pursuant to Pa.R.A.P. 1513(d)(5) and cites this Court's decision in *Winchilla* for support. Unlike *Winchilla*, wherein the claimant only generally asserted that the "IRE provisions . . . as applied to [claimant] and/or facially, are unconstitutional, as they are capricious, arbitrary, not reasonably calculated, confiscatory, not used to assess disability in the workers' compensation sense, improperly disregard evidence that [claimant] was totally disabled and improperly extinguish rights," 126 A.3d at 367 (quoting claimant's petition for review ¶ 8), Claimant here expressly asserts in his Petition that Section 306(a.2)(1) "is an impermissible delegation of the General Assembly's law making power to the AMA." (Petition ¶ 5.) Although Claimant does not identify Article II, Section 1 of the Pennsylvania Constitution by name, this does not mean that Claimant did not properly preserve the issue. What is perhaps most puzzling about Employer's current position is its about-face from the very position it asserted in its Unopposed Motion for Stay, wherein it recognized that disposition of *Protz* would control this case. In short, we reject Employer's arguments that the Petition does not comply with the rules and that the issue concerning the constitutionality of the IRE provision is waived.

That brings us to the merits of Claimant's arguments. Because this issue is controlled by *Protz*, we need not devote a great deal of discussion to it now. Suffice it to say that the Pennsylvania Supreme Court has declared Section 306(a.2) to be an unconstitutional delegation of legislative power and struck the provision in its entirety. As a result, we are compelled to reverse the Opinion and Order of the Board, as we did under a similar factual scenario in *Thompson v. Workers' Compensation Appeal Board (Exelon Corporation)*, 168 A.3d 408, 412-13 (Pa. Cmwlth. 2017).

In an effort to avoid reversal, Employer argues in the alternative that modification of Claimant's benefits is still appropriate under *Kachinski*. Under *Kachinski*, the Supreme Court set forth the following procedure for modification petitions:

1. The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.

2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance, *e.g.,* light work, sedentary work, etc.

3. The claimant must then demonstrate that he has in good faith followed through on the job referral(s).

4. If the referral fails to result in a job then claimant's benefits should continue.

532 A.2d at 380.

Claimant argues, in response, that Employer failed to preserve this issue by not filing a cross-petition for review and, even if the issue was properly before the Court, the record is devoid of any evidence to support its application here. We agree with both arguments. First, the only basis asserted by Employer in its Modification Petition was the IRE. Employer never asserted an alternative basis to modify Claimant's benefits until now, after *Protz* was decided, dashing any hope it had of success on the merits. Second, as Claimant points out, the record was not developed with *Kachinski* in mind, and therefore, there is no evidence of record upon which to evaluate it.

Finally, Petitioner asserts that although Employer's contest was once reasonable, it has since turned unreasonable. Specifically, he contends that

10

Employer's opposition to his Application for Summary Relief is unreasonable, particularly in light of the Supreme Court's holding in *Protz*. Claimant further cites Employer's conduct in denying *Protz* controlled, especially after Employer itself sought a stay of this action pending resolution of *Protz*, which Employer then viewed as dispositive. The unreasonableness of Employer's contest was compounded, in Claimant's view, by its inaccurate representations that Claimant failed to comply with the rules. It seeks a remand to the WCJ to consider the imposition of counsel fees. Given the state of the record, we agree that there is a question about the reasonableness of Employer's contest. Therefore, we will remand the matter for consideration of reasonable counsel fees.

For the foregoing reasons, the Board's Opinion and Order modifying Claimant's benefits from full disability to partial disability is reversed and the matter is remanded for a determination related to the reasonableness of Employer's contest.

_____
**RENÉE COHN JUBELIRER,** Judge

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Craig A. Bradosky,                     :
                     Petitioner       :
                                       :
            v.                         :    No. 1567 C.D. 2015
                                       :
Workers' Compensation Appeal           :
Board (Omnova Solutions, Inc.),        :
                     Respondent        :

## O R D E R

**NOW**, February 2, 2018, Petitioner Craig A. Bradosky's Application for Summary Relief is **GRANTED**. The Order of Workers' Compensation Appeal Board, dated July 28, 2015, is **REVERSED**, and the above-captioned matter is remanded for a determination regarding the reasonableness of Respondent Omnova Solutions, Inc.'s contest, following the Supreme Court's decision in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017).

Jurisdiction relinquished.

_____
**RENÉE COHN JUBELIRER,** Judge