# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania,     :
            Petitioner     :
                           :
           v.             :    No. 1395 C.D. 2017
                           :    Submitted: September 13, 2018
Workers' Compensation Appeal     :
Board (Moore),                   :
            Respondent     :

BEFORE:     HONORABLE MARY HANNAH LEAVITT, President Judge
                 HONORABLE RENÉE COHN JUBELIRER, Judge
                 HONORABLE ROBERT SIMPSON, Judge
                 HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge
                 HONORABLE ELLEN CEISLER, Judge

**OPINION NOT REPORTED**

MEMORANDUM OPINION BY
**JUDGE COHN JUBELIRER**             **FILED: October 11, 2018**

The Commonwealth of Pennsylvania (Employer) seeks review of an Order of the Workers' Compensation Appeal Board (Board), which based upon the Supreme Court's holding in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017) (*Protz II*), reversed a decision issued by a Workers' Compensation Judge (WCJ). The WCJ had granted a Modification Petition filed by Employer seeking to modify Katherine Moore's (Claimant) status from total to partial disability based upon an impairment rating evaluation (IRE)

performed using the Fourth Edition of the American Medical Association's (AMA) *Guides to the Evaluation of Permanent Impairment* (*Guides*). While the appeal was pending before the Board, the Supreme Court issued its decision in *Protz II*. Citing *Protz II*, the Board reversed the WCJ Decision and reinstated Claimant's total disability status as of the date of the IRE. Because this matter is controlled by our recent decision in *Dana Holding Corporation v. Workers' Compensation Appeal Board (Smuck)*, __ A.3d __, (Pa. Cmwlth., No. 1869 C.D. 2017, filed Oct. 11, 2018) (en banc),[1] we affirm.

The relevant facts of this case are not in dispute. Claimant suffered a work injury on August 27, 2013, which Employer acknowledged through the issuance of a Notice of Compensation Payable, describing the injury as a fracture to her left tibia and fibula. After receiving 104 weeks of temporary total disability benefits, Employer requested Claimant submit to an IRE pursuant to Section 306(a.2)(1) of the Workers' Compensation Act[2] (WC Act). Employer submitted a request for

---

[1] This matter was scheduled to be argued on the same date as *Dana Holding*, but was submitted on briefs after Claimant's counsel requested a continuance.

[2] Act of June 2, 1915, P.L. 736, *as amended*, added by Section 4 of the Act of June 24, 1996, P.L. 350, 77 P.S. § 511.2(1), *invalidated by Protz II*. Section 306(a.2)(1) provided:

> When an employe has received total disability compensation pursuant to clause (a) for a period of one hundred four weeks, unless otherwise agreed to, the employe shall be required to submit to a medical examination which shall be requested by the insurer within sixty days upon the expiration of the one hundred four weeks to determine the degree of impairment due to the compensable injury, if any. The degree of impairment shall be determined based upon an evaluation by a physician who is licensed in this Commonwealth, who is certified by an American Board of Medical Specialties approved board or its osteopathic equivalent and who is active in clinical practice for at least twenty hours per week, chosen by agreement of the parties, or as designated by the department, pursuant to the most recent edition of the [AMA Guides].

77 P.S. § 511.2(1).

designation of a physician to perform the IRE on August 31, 2015. On September 10, 2015, the Pennsylvania Department of Labor & Industry, Bureau of Workers' Compensation, issued a Notice designating Janak Doshi, M.D., as the IRE physician.

Eight days later, this Court issued its decision in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406, 417 (Pa. Cmwlth. 2015) (*Protz I*), wherein we declared portions of Section 306(a.2) of the WC Act, which governed IREs, unconstitutional. Specifically, we held that the language in Section 306(a.2) – that IREs were to be performed using "the most recent edition of the [AMA *Guides*]" – was an unconstitutional delegation of legislative powers "insofar as it purport[ed] to adopt a new version of the . . . *Guides*" without legislative review or oversight. *Protz I*, 124 A.3d at 417. Because the Fourth Edition of the *Guides* was in effect at the time Section 306(a.2) was enacted, we vacated the Board's decision and remanded the matter for an IRE using that edition. *Id.*

In accordance with *Protz I*, the IRE physician here completed the necessary training to perform IREs using the Fourth Edition of the *Guides* on October 18, 2015, and evaluated Claimant on November 13, 2015. Based upon his evaluation, Dr. Doshi opined Claimant reached maximum medical improvement and had a whole person impairment rating of 15 percent. Employer, citing the IRE, filed its Modification Petition on December 23, 2015, seeking to modify Claimant's disability status from total to partial disability. Claimant denied the allegations, and the matter was assigned to a WCJ.

In support of its Modification Petition, Employer submitted the deposition testimony of Dr. Doshi. Claimant objected to Dr. Doshi's testimony on the ground that the doctor was not qualified to conduct IREs under the Fourth Edition of the *Guides*. The WCJ overruled the objection after Employer submitted proof of the

3

physician's completion of training. Claimant did not testify and presented no medical evidence on her own behalf.

The WCJ accepted Dr. Doshi's testimony as credible. Because Dr. Doshi opined that Claimant's whole body impairment was less than 50 percent, pursuant to Section 306(a.2)(2) of the WC Act,[3] the WCJ granted Employer's Modification Petition and modified Claimant's disability status from temporary total to partial, effective the date of the IRE.

Claimant filed a timely appeal with the Board, wherein she continued to challenge Dr. Doshi's qualifications to perform the IRE. She also argued that "assuming Dr. Doshi was qualified to perform an IRE under the 4th Edition of the AMA *Guides*, given the obvious impact of [*Protz I*], which is presently pending before the Supreme Court of Pennsylvania, no decision on this matter should have been issued until the Supreme Court issues its decision." (Reproduced Record (R.R.) at 23a-24a.)

While the appeal was pending before the Board, *Protz II* was decided. The Supreme Court affirmed this Court's determination that Section 306(a.2) was an unconstitutional delegation of legislative authority; however, unlike this Court, it found the offending language was not severable from the rest of the WC Act. *Protz II*, 161 A.3d at 841. Accordingly, it struck Section 306(a.2) from the WC Act in its entirety. *Id.*

Citing the Supreme Court's decision in *Protz II*, the Board issued its Opinion and Order on September 6, 2017, reversing the WCJ's Decision and Order.

---

[3] Section 306(a.2)(2) provided that a claimant "shall be presumed to be totally disabled" if an IRE showed an impairment rating equal to or greater than 50 percent. 77 P.S. § 511.2(2), *invalidated by Protz II*. If an impairment rating was less than 50 percent, the claimant was considered partially disabled. *Id.*

4

Employer filed a timely Petition for Review of the Board's Order,[4] raising three issues: (1) whether Claimant waived arguing that *Protz II* should be applied retroactively because she did not timely raise a constitutional challenge; (2) whether, alternatively, the Board erred in applying *Protz II* retroactively; and (3) whether retroactive application of *Protz II* violates Employer's constitutional right to the "due course of law" under the Remedies Clause of Article I, Section 11 of the Pennsylvania Constitution.[5]

In our recent decision in *Dana Holding*, we addressed and rejected these same arguments. In *Dana Holding*, the claimant underwent an IRE using the Sixth Edition of the *Guides*, but following *Protz I*, a new IRE was performed using the Fourth Edition of the *Guides*. The WCJ granted the employer's modification petition based upon this IRE. While on appeal to the Board, *Protz II* was decided. Citing *Protz II*, the Board reversed the WCJ's decision. The employer appealed, making the same arguments as Employer here. There, we held that, pursuant to Section 703(a) of the Administrative Agency Law, 2 Pa. C.S. § 703(a),[6] and Rule 1551(a)(1) of the

---

[4] Our "standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence." *Thompson v. Workers' Comp. Appeal Bd. (Exelon Corp.)*, 168 A.3d 408, 412 n.3 (Pa. Cmwlth. 2017).

[5] Article I, Section 11 of the Pennsylvania Constitution provides:

> All courts shall be open; and **every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law**, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.

Pa. Const. art. I, § 11 (emphasis added).

[6] Section 703(a) of the Administrative Agency Law provides, in pertinent part, "A party who proceeded before a Commonwealth agency under the terms of a particular statute shall not be precluded from questioning the validity of the statute in the appeal." 2 Pa. C.S. § 703(a).

Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1551(a)(1),[7] the constitutionality of a statute does not need to be raised before the administrative agency in order to preserve the issue on appeal. *Dana Holding*, __ A.3d at __, slip op. at 14-15. We further held that *Protz II* should apply to cases, such as this, where the IRE was not final because it was still being challenged on appeal. *Id.*, __ A.3d at __, slip op. at 8-11. Finally, we held the due course of law protected only vested rights, and because the IRE was not final, the employer had no vested right. *Id.*, __ A.3d at __, slip op. at 12-13.

Because this matter is controlled by our holding in *Dana Holding*, we affirm the Board's Order.

 

 

_____
**RENÉE COHN JUBELIRER,** Judge

---

[7] Rule 1551(a)(1) provides, "No question shall be heard or considered by the court which was not raised before the government unit except: (1) Questions involving the validity of a statute." Pa.R.A.P. 1551(a)(1).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania,     :
                  Petitioner     :
                              :
           v.           :    No. 1395 C.D. 2017
                              :
Workers' Compensation Appeal     :
Board (Moore),                :
                  Respondent    :

# **O R D E R**

**NOW**, October 11, 2018, the Order of the Workers' Compensation Appeal Board, dated September 6, 2017, is **AFFIRMED.**

_____
**RENÉE COHN JUBELIRER,** Judge