# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven Simmons,                           :
                        Petitioner      :
                                     :
                 v.                      :   No. 51 C.D. 2018
                                     :   Submitted: November 15, 2018
Workers' Compensation Appeal             :
Board (Sunoco, Inc. (R&M)),               :
                       Respondent      :

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE ANNE E. COVEY, Judge (P)
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**            **FILED: December 6, 2018**

Steven Simmons (Claimant) petitions for review of an Order of the Workers' Compensation Appeal Board (Board), which reversed a Decision and Order of a Workers' Compensation Judge (WCJ), denying his reinstatement petition. While Claimant agrees with the Board's decision to reinstate his disability status from partial to total disability, he disagrees with the effective date of that reinstatement set forth in the Board's Order. Because the Pennsylvania Supreme Court declared Section 306(a.2) of the Workers' Compensation Act[1] (WC Act), governing

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by Section 4 of the Act of June 24, 1996, P.L. 350, 77 P.S. § 511.2, *invalidated by Protz v. Workers' Comp. Appeal Bd. (Derry Area Sch. Dist.)*, 161 A.3d 827 (Pa. 2017) (*Protz II*).

impairment rating evaluations (IRE), unconstitutional, and Claimant's change in disability status was based upon a now-invalid IRE, Claimant maintains he is entitled to have his disability status reinstated as of the date of the original change, which was in 2009. As this issue is controlled by our en banc decision in *Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, 188 A.3d 599 (Pa. Cmwlth. 2018),[2] we vacate the Board's Order and remand for further proceedings before the WCJ.

The relevant facts in this case are not in dispute. Claimant suffered a work injury in 2006. In 2009, at the request of Sunoco, Inc. (R&M) (Employer), Claimant underwent an IRE. Using the Sixth Edition of the American Medical Association's (AMA) *Guides to the Evaluation of Permanent Impairment* (*Guides*), a physician concluded Claimant had an impairment rating[3] of 33 percent. Under Section 306(a.2)(2), if an impairment rating was less than 50 percent, a claimant was considered partially disabled. 77 P.S. § 511.2(2). Based upon the IRE, Employer filed an Amended Notice of Change in Workers' Compensation Disability Status changing Claimant's disability status from total to partial disability effective August 7, 2009. Claimant did not challenge the change at that time.

---

[2] Neither party filed a petition for allowance of appeal to the Pennsylvania Supreme Court in *Whitfield*. However, in a case argued seriately with *Whitfield*, *Pavlack v. Workers' Compensation Appeal Board (UPMC South Side)* (Pa. Cmwlth., No. 702 C.D. 2017, filed June 6, 2018) (en banc), the claimant did file a petition for allowance of appeal, which is still pending at 263 WAL 2018. In a case submitted to the same en banc panel, *Moore v. Workers' Compensation Appeal Board (Sunoco, Inc. (R&M))* (Pa. Cmwlth., No. 715 C.D. 2017, filed June 6, 2018) (en banc), both the claimant and employer have filed cross-petitions for allowance of appeal. Those are pending at 422 MAL 2018 and 444 MAL 2018, respectively.

[3] "Impairment rating" was defined as "the percentage of permanent impairment of the whole body resulting from the compensable injury." 77 P.S. § 511.2(8)(ii), *invalidated by Protz II*.

However, in 2015, this Court issued its decision in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406, 416-17 (Pa. Cmwlth. 2015) (*Protz I*), which held Section 306(a.2) of the WC Act was an unconstitutional delegation of legislative authority. We held that portions of Section 306(a.2) that required an IRE to be performed pursuant to "the most recent edition of the [AMA *Guides*]" violated article II, section 1 of the Pennsylvania Constitution.[4] *Id.* at 415 (quoting 77 P.S. § 511.2). Because the Fourth Edition of the *Guides* was in effect at the time Section 306(a.2) was enacted, we remanded the matter for an IRE determination using that edition of the *Guides*. *Id.* at 416.

Shortly after *Protz I* was decided, Claimant filed a reinstatement petition, asserting that the IRE performed using the Sixth Edition of the *Guides* was unconstitutional pursuant to *Protz I*.[5] The WCJ denied the reinstatement petition, reasoning under Section 306(a.2)(2) of the WC Act, 77 P.S. § 511.2(2),[6] that a claimant had 60 days in which to challenge a change in status, and Claimant did not do so here. Alternatively, the WCJ found Claimant could have provided evidence of an impairment rating equal to or greater than 50 percent pursuant to Section 306(a.2)(4) of the WC Act, 77 P.S. § 511.2(4),[7] which he also did not do. (WCJ Decision at 4.)

---

[4] Article II, section 1 of the Pennsylvania Constitution provides: "The legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives." Pa. Const. art. II, § 1.

[5] In his reinstatement petition, Claimant states his disability status was changed as of March 19, 2012. This date appears to be in error.

[6] Section 306(a.2)(2) provided, in pertinent part, that "no reduction shall be made until sixty days' notice of modification is given." 77 P.S. § 511.2(2), *invalidated by Protz II*.

[7] Section 306(a.2)(4) provided:

> An employe may appeal the change to partial disability at any time during the five hundred-week period of partial disability; Provided, That there is a determination

**(Footnote continued on next page…)**

3

Claimant appealed to the Board, and while his appeal was pending, the Pennsylvania Supreme Court issued its decision in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017) (*Protz II*). The Supreme Court affirmed this Court's determination that Section 306(a.2) was an unconstitutional delegation of legislative authority. *Id.* at 838. However, the Supreme Court struck down Section 306(a.2) in its entirety, concluding the offending language was not severable. *Id.* at 841. Therefore, this Court's determination that the Fourth Edition of the *Guides* was permissible to use was overturned.

Based upon *Protz II*, the Board reversed the WCJ's decision. Although the Board reinstated Claimant's disability status from partial to total disability, it did so only from June 20, 2017, the date of the Supreme Court's decision in *Protz II*. The Board "conclude[d] that the Supreme Court's holding in *Protz* [*II*] has differing impact on different claimants depending on the procedural posture of their cases." (Board Opinion (Op.) at 3.) For instance, according to the Board, claimants who challenge the change in status within 60 days and preserve an argument that the IRE was unconstitutional should have their benefit status converted back to total disability as of the original effective date of the change. (*Id.*) The 60-day limit was based upon Section 306(a.2)(2). However, claimants who did not challenge the change in status within 60 days but were still within the 500 weeks of partial disability benefits were entitled to reinstatement to total

_____

**(continued…)**

> that the employe meets the threshold impairment rating that is equal to or greater than fifty per centum impairment under the most recent edition of the [AMA] *Guides* . . . .

77 P.S. § 511.2(4), *invalidated by Protz II*.

4

disability status as of June 20, 2017, which was the date *Protz II* was decided. (*Id.* at 6-7.) Because Section 306(a.2)(4), which allowed a claimant to challenge a former IRE with a new IRE, was also struck down by the Supreme Court, leaving claimants with no avenue of relief, the Board reasoned it would be "absurd" to penalize those claimants. (*Id.* at 4.) Yet, the Board noted "the fact that the IRE provisions have been declared unconstitutional and stricken from the [WC] Act does not mean the change to partial benefit status should be erased as though it never happened." (*Id.*) The Board concluded:

> [a]ny claimant who did <u>not</u> timely challenge the conversion waived any constitutional question and accepted the conversion and its legality under the law that was in effect at the time. Such claimant had no expectation of preserving total disability status back to the original effective date of the status change.

(*Id.* at 5-6 (emphasis in original).) Accordingly, the Board found those claimants were only entitled to reinstatement to total disability as of the date of the decision in *Protz II*, and any weeks of partial disability prior to that time count towards the 500-week limit of partial disability benefits. (*Id.* at 7.) Claimant fell into this category, so the Board reinstated his status to total disability as of June 20, 2017.[8]

Claimant now seeks review of that determination,[9] urging instead, that his disability status be reinstated to total disability from August 7, 2009, the date it

---

[8] Three commissioners concurred in the Board Opinion authored by the chairman. One concurred in the result only. In a concurring and dissenting opinion, one commissioner agreed with reversal of the WCJ Decision but disagreed as to the date of reinstatement, favoring reinstatement as of August 7, 2009, the date of the original change. One commissioner concurred with the concurring/dissenting opinion.

[9] Our "standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are **(Footnote continued on next page…)**

was first changed. He argues the Board erred in relying on other provisions of Section 306(a.2) for establishing a timetable in which he must have appealed the IRE since those provisions were also invalidated by *Protz II*. Claimant asserts that since his reinstatement petition was pending when *Protz II* was decided, he should be entitled to the benefit of the change in the law. Further, he argues Employer had no expectation of finality as he was still receiving partial disability benefits,[10] and even if the 500 weeks of partial disability benefits had expired, Employer was still responsible for paying medical expenses, confirming nothing was final. Claimant argues the Board Order "strip[s]" him of 410 weeks of partial disability benefits to which he would otherwise be entitled. (Claimant's Brief (Br.) at 6.) Claimant requests the Court affirm the Board's decision to reinstate him to total disability status but reverse the Board as to its effective date.[11]

Employer responds that *Protz II* is silent as to what effect, if any, it has on cases in which IREs were previously utilized to change a claimant's disability status. It calls the Board's approach "reasonable" in that it recognizes that Claimant took no steps between 2009 and 2015 to challenge his change in status. (Employer Br. at 6.) Because Claimant did not challenge the IRE earlier,

---

**(continued…)**

supported by substantial evidence." *Thompson v. Workers' Comp. Appeal Bd. (Exelon Corp.)*, 168 A.3d 408, 412 n.3 (Pa. Cmwlth. 2017).

[10] A change in status from total to partial disability under Section 306(a.2) did not alter the rate of compensation; rather, the practical effect was to limit the receipt of partial disability benefits to 500 weeks.

[11] The Pennsylvania Association for Justice filed an amicus brief in this matter, wherein it argues for retroactive effect of *Protz II*. It asserts that there is no finality unless a claimant executed a compromise and release agreement or was found to be fully recovered in a decision granting a termination petition.

6

Employer posits that Claimant should not be entitled to retroactive application of *Protz II*. Employer asks this Court to affirm the Board's Decision and Order.

Earlier this year,[12] an en banc panel of this Court addressed this very issue. In *Whitfield*, the claimant's disability status was changed from total to partial in 2008 based upon an IRE performed using the Fifth Edition of the *Guides*. She did not challenge the change until this Court issued its decision in *Protz I*. At that time, she filed a reinstatement petition seeking to have her status reinstated to total disability. The WCJ denied the petition, and the Board affirmed. After reviewing the history of *Protz I* and *II*, as well as a number of cases that arose therefrom, we vacated the Board's order and remanded for further proceedings. We first concluded that a claimant has three years from the date of last payment of compensation to seek reinstatement. *Whitfield*, 188 A.3d at 612. We next held that in order to be entitled to reinstatement of total disability benefits when the change in status was based upon a now-unconstitutional IRE, a claimant must demonstrate that they continue to be disabled. *Id.* at 615-16. This can be satisfied through the claimant's own testimony. *Id.* at 616. The burden then shifts to the employer to present evidence to the contrary. *Id.* If a claimant's testimony is credited and the employer does not present competent and credible evidence to the contrary, we held a "[c]laimant [would be] entitled to reinstatement **as of the date [the claimant] filed [his or] her [p]etition**." *Id.* (emphasis added).

---

[12] *Whitfield* was decided after the briefs in the instant matter were filed.

7

As the Board's decision is inconsistent with *Whitfield*, which was decided months after the Board issued its Opinion and Order in this case, we vacate the Board's Order and remand the matter to the Board with direction to further remand to the WCJ for additional proceedings consistent with our decision in *Whitfield*.

_____

**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven Simmons,                          :
                    Petitioner           :
                                         :
            v.                           :   No. 51 C.D. 2018
                                         :
Workers' Compensation Appeal             :
Board (Sunoco, Inc. (R&M)),              :
                    Respondent           :

# **O R D E R**

**NOW**, December 6, 2018, the Order of the Workers' Compensation Appeal Board dated December 19, 2017, is **VACATED,** and this matter is **REMANDED** for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

_____

**RENÉE COHN JUBELIRER,** Judge