642 A.2d 1083

**John LATTA, Appellant,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (LATROBE DIE CASTING CO.), Appellee.**

Supreme Court of Pennsylvania.

Argued March 7, 1994.

Decided May 23, 1994.

Thomas P. Geer, Pittsburgh, for appellant.

H.R. Belden, Jr., Dennis N. Persin, Belden, Belden, Persin, Johnston & Zuzik, Greensburg, for appellee.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

## OPINION OF THE COURT

CAPPY, Justice.

The question before this Court is whether a claimant seeking reinstatement of workmen's compensation benefits currently under suspension must present expert medical evidence in order to establish that the work-related injury that gave rise to the benefits under suspension continues.[1] We hold that expert medical evidence is not necessary to establish that the work-related injury continues. Rather, once a claimant testifies that his work-related injury continues, the burden shifts to his employer to prove the contrary. Where an employer fails to present evidence to the contrary, the claimant's testimony, if believed by the referee, is sufficient to support reinstatement of the suspended benefits.

On March 24, 1977, Appellant, John Latta suffered a work-related injury to his right arm while employed by Latrobe Die Casting Company ("Employer"). As a result, Latta received benefits for total disability pursuant to the Pennsylvania Workmen's Compensation Act.[2] In August 1977, Latta returned to work in a light-duty position, and his benefits were

---

1. Our scope of review in this matter is limited to determining whether there has been a constitutional violation, or an error of law, or a violation of Board procedure, and whether the necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704; *Pieper v. Workmen's Compensation Appeal Board (Ametek–Thermox)*, 526 Pa. 25, 584 A.2d 301 (1990).

2. 77 P.S. § 1 et seq., 1915, June 2, P.L. 736, art. 1, § 101 et seq., as amended.

modified by agreement to reflect partial disability. Thereafter, he received benefits pursuant to various agreements until December 4, 1979 when his benefits were suspended.

On October 20, 1979, Latta and his fellow employees went on strike. After the conclusion of the strike, Latta was not reemployed because Employer had reduced its work force and Latta lacked seniority. Latta filed a petition to reinstate benefits as of the strike date. The Referee held that Latta did not sustain his burden of proving he was absent from work because of a work-related injury, and his benefits remained suspended. On appeal, the Workmen's Compensation Appeal Board and the Commonwealth Court affirmed. *Latta v. Workmen's Compensation Appeal Board (Latrobe Die Casting Co.)*, 98 Pa.Commw. 56, 510 A.2d 896 (1986), *allocatur denied*, 514 Pa. 637, 522 A.2d 1106 (1987) (*"Latta I"*).

On March 27, 1987, Latta filed the present reinstatement petition, alleging he should be entitled to benefits beginning January 5, 1980.[3] In support of his petition Latta presented his own testimony, together with the deposition testimony of his physician, which described Latta's 1977 injury, his treatment since that time, and specifically referenced two (2) medical examinations conducted on September 12, 1980 and June 10, 1987. The physician determined that Latta could not perform his pre-injury job, but that he could perform light-duty work as previously determined in 1977. He further opined that Latta's 1977 work-related injury had continued. The referee found that Latta was unable to perform his pre-injury work as of June 10, 1987, the date of the second medical examination specifically referenced by Latta's physician, but that any claim for benefits prior to the June 10, 1987 examination was precluded because that claim was previously litigated

3. The record reveals that Latta actually filed a petition for review, which specifically attacked the validity of the suspension agreement entered into by the parties on January 2, 1980, effective December 4, 1979. This filing was deemed a petition for reinstatement seeking an award of benefits as of January 5, 1980. The record is unclear as to why the date of January 5, 1980 was chosen, since the allegations of the petition reflect December 4, 1979 as being more proper. However, this question is immaterial given our disposition of this matter herein.

in *Latta I.* On appeal, the Board and the Commonwealth Court affirmed, 151 Pa.Commw. 361, 616 A.2d 1110. This Court granted allocatur, and we now reverse.

In rendering its decision in this matter, the Commonwealth Court determined that *Latta I* does not control the period between March 3, 1983, the date that the record was closed in *Latta I*, and June 10, 1987, the date that Latta was first examined by his physician during that period. However, the Commonwealth Court nevertheless concluded that Latta was unable to satisfy his burden with regard to that period of time, because he had failed to present expert medical evidence to support a finding that his work-related injury continued during that period. Upon review of the record, we agree that Latta's expert medical evidence supports only a finding that his work-related injury continued as of June 10, 1987, the date that Latta was first examined by his physician during the period between March 3, 1983 and June 10, 1987. However, we disagree with the determination of the Commonwealth Court that because Latta's expert medical evidence supported only a finding that his work-related injury continued as of June 10, 1987, he was unable to satisfy his burden with regard to the period between March 3, 1983 and June 10, 1987.

In *Pieper v. Workmen's Compensation Appeal Board (Ametek–Thermox)*, 526 Pa. 25, 584 A.2d 301 (1990), we determined that, because of the nature of a suspension of benefits for a work-related injury, there exists a reduced burden of proof as to causation where a claimant petitions for reinstatement of such benefits. We held that, because the claimant had already established a work-related injury supporting an award of benefits, when seeking reinstatement of those benefits causation will be presumed if the claimant can demonstrate that: (1) through no fault of his own, his earning power is once again adversely affected by his disability; and (2) the disability which gave rise to his original claim, in fact, continues.

In rendering its decision in the case *sub judice,* the Commonwealth Court relied upon our decision in *Pieper* to support a proposition that is not contained therein. Namely, that unequivocal expert medical evidence is required in order for a

claimant to establish that his original work-related injury continues. While expert medical evidence was present in *Pieper*, that does not mean that such evidence is required in order for a claimant to establish that the work-related injury that gave rise to the benefits currently suspended and sought to be reinstated does, in fact, continue.

■■■■ Given the nature of suspension status, which actually *acknowledges* a continuing medical injury, and suspends benefits only because the claimant's earning power is currently not affected by the injury, the testimony of a claimant alone could easily satisfy his burden of establishing that his work-related injury continues. To hold otherwise would improperly require a claimant to re-establish that which has already been agreed to and acknowledged. Therefore, we hold that expert medical evidence is not necessary to establish that the prior work-related injury continues. Rather, once a claimant testifies that his prior work-related injury continues, the burden shifts to his employer to prove the contrary. Where an employer fails to present evidence to the contrary, the claimant's testimony, if believed by the referee, is sufficient to support reinstatement of the suspended benefits.[4]

In the case *sub judice*, Latta testified that he was still experiencing the effects of the 1977 work-related injury during the period between March 3, 1983 and June 10, 1987. This testimony alone, if believed by the referee, is sufficient to support reinstatement of the suspended benefits commencing after March 3, 1983. Once Latta testified that his original

---

**4.** Clearly, the degree of inquiry and the difficulty of establishing that a work-related injury continues in any given case are necessarily governed by the nature of the injury and the length of time that has passed since the claimant originally established the existence of the work-related injury. Where a relatively short period of time has elapsed and/or the injury is one that has obviously continued, a claimant's task is qualitatively simpler than if a considerable period of time has elapsed and/or the injury is one that is less obvious. However, under all circumstances, the claimant's burden is not very difficult, since the injury has continued to be acknowledged by the fact that benefits have been merely suspended, and the employer has not moved to terminate its liability. This is especially true where an employer presents no evidence to rebut a claimant's testimony that his work-related injury continues.

injury continued, the burden then shifted to Employer to prove the contrary. Since the record reveals that the Employer failed to present any evidence to the contrary, the testimony of Latta, if believed by the referee, is sufficient to support reinstatement of the suspended benefits for the period between March 3, 1983 and June 10, 1987.

Accordingly, we reverse the decision of the Commonwealth Court, vacate the Order of the Board and remand to the referee to make findings as to whether Latta's testimony established that his original work-related injury continued between March 3, 1983 and June 10, 1987.

Reversed and Remanded.

ZAPPALA, J., files a concurring opinion.

MONTEMURO, J., is sitting by designation as Senior Justice pursuant to Judicial Assignment Docket No. 94 R1800, due to the unavailability of LARSEN, J., see No. 127 Judicial Administrative Docket No. 1, filed October 28, 1993.

ZAPPALA, Justice, concurring.

I join the Opinion of the Court with the understanding that on remand the employer shall have the opportunity to introduce evidence to rebut Latta's testimony that his injury continued between March 3, 1983, and June 10, 1987, or to show that any loss of earnings during that period was not attributable to the injury but was caused by other factors.

At the time of the hearing, the cases required a claimant such as Latta to introduce medical testimony to support a claim for reinstatement of suspended benefits. Indeed, in *Latta I*, the Board determined that "the record [was] devoid of any medical evidence which would place a burden on the Defendant," and the Commonwealth Court held that Latta had failed to carry his burden, stating

> Claimant testified that he continued to be disabled because of the work-related injury to his right arm, and that he suffered from a number of other ailments. *Claimant did not, however, present any medical testimony which sub-*

*stantiated his alleged inability to perform his pre-injury job.*

98 Pa.Commw. 56, 61, 510 A.2d 896, 899 (1986) (emphasis added).

Given the status of the law at that time, the employer would have had no reason to introduce such evidence at the hearing. Under these circumstances, it would be unfair to premise reinstatement of benefits on Latta's testimony alone, without affording the employer an opportunity to rebut it, now that the employer is on notice that it has such a burden.