IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward J. Timcho, Jr.,                      :
                        Petitioner          :
                                            :
            v.                              :      No. 158 C.D. 2017
                                            :      Argued: December 6, 2017
Workers' Compensation Appeal                :
Board (City of Philadelphia),               :
                        Respondent          :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE ROBERT SIMPSON, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge

OPINION
BY PRESIDENT JUDGE LEAVITT                       FILED: August 17, 2018

        Edward J. Timcho, Jr., (Claimant) petitions for review of an
adjudication of the Workers' Compensation Appeal Board (Board) dismissing his
petition for reinstatement of benefits under the Workers' Compensation Act (Act).[1]
In doing so, the Board affirmed the decision of the Workers' Compensation Judge
(WCJ) that Claimant had already litigated to finality the modification of his
disability status from full to partial and failed to raise the issue of the
constitutionality of his impairment rating evaluation (IRE) in that litigation.
Claimant contends the Board erred in deeming his constitutional claim waived. We
agree and will vacate the Board's order and remand for further proceedings before
the WCJ.

        On May 20, 2008, Claimant sustained a work-related injury while
transporting a prisoner for the City of Philadelphia (Employer). Employer accepted

_____

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2708.

liability for a work-related myocardial infarction pursuant to a Notice of Compensation Payable and Claimant began receiving temporary total disability benefits. On November 11, 2008, Claimant filed a claim petition. On May 27, 2010, WCJ Patricia Bachman issued a decision granting Claimant temporary total disability benefits for an injury described as a "heart attack and residual heart damage." Reproduced Record at 9a (R.R. __).

Thereafter, Employer requested that Claimant undergo an impairment rating evaluation (IRE). On July 25, 2011, Dr. Lance Yarus, D.O., examined Claimant and issued an IRE report based on the Sixth Edition of the American Medical Association's Guides to the Evaluation of Permanent Impairment (AMA Guides). The IRE report determined that Claimant's impairment rating was 32%. As a result, Employer filed a modification petition on August 18, 2011, seeking to change Claimant's compensation status from total disability to partial disability.

On July 23, 2013, WCJ Lawrence C. Beck granted Employer's modification petition pursuant to former Section 306(a.2) of the Act[2] because

_____

[2] Section 306(a.2) of the Act, added by the Act of June 24, 1996, P.L. 350, was held unconstitutional by our Supreme Court in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017) (*Protz II*). Section 306(a.2) of the Act provided, in relevant part:

(1) When an employe has received total disability compensation pursuant to clause (a) for a period of one hundred four weeks, unless otherwise agreed to, the employe shall be required to submit to a medical examination which shall be requested by the insurer within sixty days upon the expiration of the one hundred four weeks to determine the degree of impairment due to the compensable injury, if any. The degree of impairment shall be determined based upon an evaluation by a physician who is licensed in this Commonwealth, who is certified by an American Board of Medical Specialties approved board or its osteopathic equivalent and who is active in clinical practice for at least twenty hours per week, chosen by agreement of the parties, or as designated by the department, pursuant to the most recent

2

Claimant's permanent impairment rating was below 50%. Claimant appealed WCJ Beck's decision to the Board. The Board affirmed. Claimant petitioned this Court for review.

Claimant's sole argument before this Court was that the Board erred in affirming WCJ Beck's decision granting Employer's modification petition because Dr. Yarus had not complied with the Sixth Edition AMA Guides. Specifically, he did not order or conduct diagnostic tests as part of his IRE. Claimant did not challenge the constitutionality of Section 306(a.2) of the Act in response to Employer's petition to modify his status from full to partial disability on the basis of an IRE.

On January 27, 2016, this Court affirmed the modification of Claimant's benefits. *Timcho v. Workers' Compensation Appeal Board (City of Philadelphia)* (Pa. Cmwlth., No. 756 C.D. 2015, filed January 27, 2016) (*Timcho I*). We held that the relevant section of the Sixth Edition AMA Guides did "not contain a directive regarding the necessity to perform objective tests in the process of conducting an IRE and [did] not include any direction regarding the timing of such tests." *Id.*, slip op. at 12. Stated otherwise, Dr. Yarus complied with the Sixth

---

edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment."

(2) If such determination results in an impairment rating that meets a threshold impairment rating that is equal to or greater than fifty per centum impairment under the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment," the employe shall be presumed to be totally disabled and shall continue to receive total disability compensation benefits under clause (a). If such determination results in an impairment rating less than fifty per centum impairment under the most recent edition of the American Medical Association "Guides to the Evaluation of Permanent Impairment," the employe shall then receive partial disability benefits under clause (b): Provided, however, That no reduction shall be made until sixty days' notice of modification is given.

77 P.S. §511.2(1), (2).

Edition AMA Guides by using the report of another physician and diagnostic testing performed in 2009 to render his IRE rating. Claimant did not seek review of this Court's decision in *Timcho I*.

On January 5, 2016, prior to the issuance of this Court's decision in *Timcho I*, Claimant filed a reinstatement petition asserting that his total disability benefits should be reinstated in light of this Court's holding in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406 (Pa. Cmwlth. 2015) (*Protz I*), that Section 306(a.2) of the Act was "an unconstitutional delegation of legislative authority insofar as it prospectively approved versions of the AMA Guides beyond the Fourth Edition without review." *Protz I*, 124 A.3d at 416 (emphasis omitted). Under *Protz I*, Claimant argued, his IRE was unconstitutional because Dr. Yarus had relied on the Sixth Edition AMA Guides. In response, Employer filed a motion to dismiss Claimant's reinstatement petition, arguing that Claimant was precluded from raising a constitutional challenge to his IRE because he had not raised or preserved that issue in his appeal to this Court in *Timcho I*.

On July 1, 2016, WCJ Bachman granted Employer's motion and denied and dismissed Claimant's reinstatement petition. In doing so, WCJ Bachman concluded that:

> Claimant is precluded from raising and pursuing his constitutional challenge to Section 306(a.2) of the Act by way of Reinstatement Petition before this Court as Claimant failed to raise and preserve his constitutional challenge to said Section in his Petition for Review and Brief to the Commonwealth Court relative to litigation of an underlying Modification Petition which modified his benefits based on an Impairment Rating Evaluation.

4

WCJ Bachman Decision at 5; R.R. 37a. On review, the Board affirmed. Claimant then petitioned this Court for review.

On appeal,[3] Claimant argues that the Board and WCJ Bachman erred by dismissing his reinstatement petition. Claimant argues that the modification of his benefit status was based upon an unconstitutional IRE. Claimant argues further that he did not waive this constitutional challenge by not raising it in *Timcho I*. He maintains that a reinstatement petition is a proper vehicle for taking advantage of this Court's *Protz I* ruling. Moreover, Claimant argues that *Protz I* should apply retroactively and his benefits should be reinstated.

Employer responds that WCJ Bachman properly dismissed Claimant's reinstatement petition because he was required to raise and preserve his constitutional challenge to Section 306(a.2) in *Timcho I*, when the Board, and this Court, considered Claimant's challenge to the modification of his benefit status. In that proceeding, he challenged the IRE on other grounds, *i.e.*, Dr. Yarus's failure to comply with the AMA Guides. Claimant did not raise a constitutional issue. Employer contends that because Claimant waived the *Protz I* issue, was precluded from raising it in a subsequently filed reinstatement petition.

While Claimant's challenge to the dismissal of his reinstatement petition was pending in this Court, the Supreme Court issued its decision in *Protz II*. The Supreme Court affirmed this Court's holding that the prospective approval of versions of the AMA Guides in Section 306(a.2) of the Act constituted an

---

[3] This Court's review of an order of the Board determines "whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, [or] whether constitutional rights were violated or an error of law was committed." *Ingrassia v. Workers' Compensation Appeal Board (Universal Health Services, Inc.)*, 126 A.3d 394, 400 n.6 (Pa. Cmwlth. 2015). Regarding questions of law, our review is plenary. *American Road Lines v. Workers' Compensation Appeal Board (Royal)*, 39 A.3d 603, 610 n.6 (Pa. Cmwlth. 2012).

5

unconstitutional delegation of legislative authority. However, the Supreme Court disagreed with our conclusion that the offending provision could be severed from the Act. Instead, the Supreme Court held all of Section 306(a.2) of the Act to be unconstitutional. In doing so, it "essentially struck the entire IRE process from the Act." *Thompson v. Workers' Compensation Appeal Board (Exelon Corp.)*, 168 A.3d 408, 413 (Pa. Cmwlth. 2017). As a result, the Act no longer contains a provision allowing for modification of benefits based on an IRE.

Turning to the case *sub judice*, the question is whether Claimant can raise the constitutionality of his IRE for the first time in a reinstatement petition. He could have raised the issue in his modification appeal in *Timcho I*, but he did not do so.

Employer maintains that Claimant's constitutional challenge is barred by the doctrine of administrative finality. Under the doctrine of administrative finality, as a general rule, "[a] party cannot avoid the requirement to exhaust administrative remedies merely by raising a constitutional challenge to the validity of a statute[.]" *Larry Pitt & Associates, P.C. v. Butler*, 785 A.2d 1092, 1099 (Pa. Cmwlth. 2001). This Court has explained that "[t]he doctrine of administrative finality precludes a collateral attack of an administrative action where the party aggrieved by that action foregoes his statutory appeal remedy." *Department of Environmental Protection v. Peters Township Sanitary Authority*, 767 A.2d 601, 603 (Pa. Cmwlth.), *petition for allowance of appeal denied*, 784 A.2d 120 (Pa. 2001). Essentially, Claimant seeks to relitigate *Timcho I* on a new theory. Claimant responds that the finality doctrine is inapplicable and that a reinstatement petition allows a case to be reopened on any grounds.

6

The issues raised by the parties have been resolved by this Court's recent decision in *Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, __ A.3d ___ (Pa. Cmwlth., No. 608 C.D. 2017, filed June 6, 2018), which followed a procedural path similar to that in the instant case. In *Whitfield*, the claimant, Paulette Whitfield, underwent an IRE in 2006. The IRE physician, using the Fifth Edition AMA Guides, concluded that her impairment rating was 44%. Based on the IRE, a WCJ modified Whitfield's status from total to partial disability. Whitfield appealed, but she did not challenge the constitutionality of the IRE. The Board affirmed on June 1, 2009, and Whitfield took no further appeal. Whitfield's 500 weeks of partial disability benefits expired in 2015, the same year that *Protz I* was decided.

On November 13, 2015, Whitfield filed a petition to reinstate her total disability benefits, citing *Protz I*. At hearings on the reinstatement petition, Whitfield testified that she had been unable to work at all since her surgery in 2002 and did not believe she was fully recovered from her work injury. The WCJ denied the reinstatement petition, holding, *inter alia*, that Whitfield had waived her constitutional claim because she did not raise it in her appeal of the modification of her benefits. The WCJ did not make a finding regarding the credibility of Whitfield's testimony. On review, the Board affirmed.

Whitfield petitioned for this Court's review, after *Protz II* had been decided. We held that because Whitfield had filed her reinstatement petition within three years of the date of her most recent payment of compensation as permitted by Section 413(a) of the Act,[4] she was entitled, as a matter of law, to seek modification

---

[4] Section 413(a) of the Act provides, in relevant part, that "no notice of compensation payable, agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the

7

of her disability status based on the *Protz* decisions, which struck the IRE process from the Act. We rejected the employer's argument that allowing a modification of benefits under these circumstances would prejudice its expectation of finality. We explained that Section 413(a) of the Act has always permitted a claimant to seek modification of her disability status by a reinstatement petition, as long as the "petition is filed … within three years [of] the date of the most recent payment of compensation…." 77 P.S. §772. As such, an employer cannot have an expectation of finality until the three-year period has expired.[5]

In deciding the appropriate remedy in *Whitfield*, we held that a claimant seeking to reinstate total disability status must establish that her work-related injury continues, which she may do through her own testimony. *Whitfield,* ___ A.3d at ___, slip op. at 25 (citing *Latta v. Workmen's Compensation Appeal Board* (*Latrobe Die Casting Co.*), 642 A.2d 1083, 1085 (Pa. 1994)). Whitfield had testified she was still disabled by her work injury, but the WCJ did not make any findings on her credibility, having disposed of the case on the ground *Protz I* did not apply. Accordingly, we vacated the Board's order and remanded for further proceedings.

As noted, *Whitfield* answers both of the issues raised in this case, *i.e.*, whether Claimant waived the constitutional issue by failing to raise it at the time his benefits were modified and whether the constitutional issue was barred by the doctrine of administrative finality. *Whitfield* holds that the claim is not waived and "finality" is not an issue, "so long as the [reinstatement] petition is filed within three

---

department within three years after the date of the most recent payment of compensation made prior to the filing of such petition." 77 P.S. §772.

[5] Notably, a reinstatement petition has long been understood to apply to a change in a claimant's earning power or a change in a claimant's medical condition that caused the work injury to recur or worsen. *Stanek v. Workers' Compensation Appeal Board (Greenwich Collieries)*, 756 A.2d 661 (Pa. 2000). Here, Claimant has used a reinstatement petition to reinstate benefits because of a change in the law.

8

years of the date of the most recent payment of compensation[.]" *Whitfield*, __ A.3d at __, slip op. at 28. Here, when Claimant filed his reinstatement petition, he had not yet exhausted his 500 weeks of partial disability. As such, the petition was filed well within the applicable time constraints. Further, because no hearing has been held on the merits of Claimant's reinstatement petition, we must remand for further proceedings to determine whether Claimant continues to be disabled by his work injury.

For all of the above reasons, the order of the Board is vacated and this matter is remanded to the Board with direction to further remand to the WCJ to hold a hearing on the merits of Claimant's reinstatement petition.

_____
MARY HANNAH LEAVITT, President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward J. Timcho, Jr.,         :
                Petitioner     :
                            :
        v.             :   No. 158 C.D. 2017
                            :
Workers' Compensation Appeal  :
Board (City of Philadelphia),    :
                Respondent  :

## **O R D E R**

AND NOW, this 17th day of August, 2018, the order of the Workers' Compensation Appeal Board dated January 13, 2017, in the above-captioned matter is VACATED, and this matter is REMANDED for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward J. Timcho, Jr.,         :
           :
           Petitioner   :
           :
         v.         :  No. 158 C.D. 2017
           :  Argued:  December 6, 2017
Workers' Compensation Appeal  :
Board (City of Philadelphia),    :
           :
         Respondent :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge


CONCURRING OPINION
BY JUDGE WOJCIK               FILED:  August 17, 2018


I concur in the result reached by the Majority, because this Court's recent decision in *Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, ___ A.3d ___ (Pa. Cmwlth., No. 608 C.D. 2017, filed June 6, 2018), is controlling.  However, I write separately to note my disagreement with the Court's holding in *Whitfield* that Section 413(a) of the Workers' Compensation Act (Act)[1] permits a modification of benefits under these facts.

The Majority correctly observes that Section 413(a) requires a modification petition to be filed within three years of the most recent payment of

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §772.

compensation. However, the Majority overlooks the critical statutory predicate for an award under Section 413(a), *i.e.*, "proof that the disability of an injured employe has increased, decreased, ceased, [or] recurred . . . ." 77 P.S. §772.[2] The Majority acknowledges that "a reinstatement petition has long been understood to apply to a change in a claimant's earning power . . . ." Majority op. at 8, n.5.[3] *See also Stanek v. Workers' Compensation Appeal Board (Greenwich Collieries)*, 756 A.2d 661, 663 (Pa. 2000) (Section 413(a) provides for a modification of benefits "upon proof that a claimant's disability has increased").

I disagree that a subsequent change in the law satisfies the fundamental requirement of Section 413(a) that a claimant seeking a reinstatement of compensation payments prove a change in his or her earning power. *Stanek.*

Our Supreme Court did not indicate whether it intended its holding in *Protz v. Workers' Compensation Appeal Board (Derry Area School District),* 161 A.3d 827 (Pa. 2017), to be applied retroactively. I believe that this Court should squarely address that issue.

Accordingly, I concur in the result only.

_____

MICHAEL H. WOJCIK, Judge

---

[2] Indeed, Section 413(a) states that "[s]uch modification [or] reinstatement . . . shall be made *as of the date upon which it is shown that the disability of the injured employe has increased . . . ."* 77 P.S. §772 (emphasis added).

[3] Nevertheless, the Majority relies on this Court's holding in *Whitfield* that a claimant need only prove that her work-related injury (disability) *continues*. Majority op. at 8.