IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Womack, : 
             Petitioner :
  :
      v. : No. 14 C.D. 2018
  : ARGUED: November 13, 2018
Workers' Compensation Appeal : 
Board (Philadelphia Parking :
Authority), :
             Respondent :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                HONORABLE MICHAEL H. WOJCIK Judge[1]
                HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                               FILED: March 13, 2019


James Womack (Claimant) petitions this Court for review of the December 19, 2017 order of the Workers' Compensation Appeal Board (Board), which affirmed in part the decision of a workers' compensation judge (WCJ) reinstating Claimant's total disability status. The issue on appeal is whether the Board erred in calculating the date of Claimant's reinstatement of total disability benefits as of June 20, 2017, the date of the Supreme Court's decision in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827, 841 (Pa. 2017) (*Protz II*). After review, we vacate and remand for further proceedings.

---

[1] This case was argued before a panel of the Court that included Senior Judge Dan Pellegrini. Because Senior Judge Pellegrini's service on this Court ended December 31, 2018, this matter has been submitted on briefs to Judge Wojcik as a member of the panel.

**Background**

The underlying facts are not in dispute. Claimant suffered a work-related injury on June 15, 2011. Certified Record (C.R.), Item No. 5, WCJ Decision, Finding of Fact (F.F.) No. 1. His employer, the Philadelphia Parking Authority (Employer), accepted the injury and issued a notice of compensation payable (NCP). F.F. No. 2. On September 10, 2013, Claimant's level of impairment was evaluated pursuant to Section 306(a.2)(1) of the Workers' Compensation Act (Act),[2] which provided that a claimant who received total disability compensation for a period of 104 weeks must submit to a medical examination to determine the degree of impairment due to the work-related injury. F.F. No. 4. Under Section 306(a.2)(2), the evaluation was made pursuant to the most recent edition of the American Medical Association (AMA) Guides to the Evaluation of Permanent Impairment (Impairment Guides). 77 P.S. § 511.2(2). If the results of the examination indicated an impairment rating of less than 50 percent, the claimant received partial disability benefits pursuant to Section 306(b) of the Act.[3] *Id.*

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, *formerly* 77 P.S. § 511.2, repealed by the Act of October 24, 2018, P.L. 714 (Act 111). We note that Act 111 repealed Section 306(a.2) and purported to fix the constitutional issue raised in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406, 416 (Pa. Cmwlth. 2015) (*Protz I*) and *Protz II*. The impairment rating evaluation (IRE) provisions struck down as unconstitutional were reenacted and provide that an IRE is to be performed pursuant to the American Medical Association Guides to the Evaluation of Permanent Impairment, Sixth Edition. Additionally, Section 3(2) of Act 111 provides that, for purposes of determining the total number of weeks of partial disability compensation to be paid under the Act, "an insurer shall be given credit for weeks of partial disability compensation paid prior to the effective date of this act." The applicability of Act 111 to the present matter is not an issue before this Court.

[3] Section 306(b) provides in relevant part that partial disability compensation shall not be paid for more than 500 weeks. 77 P.S. § 512(1).

2

The results of Claimant's impairment rating evaluation (IRE) indicated he was 14 percent disabled. F.F. No. 4. On November 20, 2013, Employer issued a Notice of Change of Disability Status which referenced the September 10, 2013 IRE. F.F. No. 5. Claimant did not challenge this change in status.

On September 18, 2015, this Court determined that the IRE provision of Section 306(a.2) was an unconstitutional delegation of legislative power where it prospectively adopted future versions of the Impairment Guides, sight unseen. *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406, 416 (Pa. Cmwlth. 2015) (*Protz I*). As a result, future IREs were to utilize the Fourth Edition of the Impairment Guides, the version in effect at the time Section 306(a.2) was enacted. *Id.* at 417.

Subsequent to, and as a result of our decision in *Protz I*, on January 21, 2016, Claimant filed a petition to review his disability benefits, challenging his September 10, 2013 IRE as unconstitutional and requesting reinstatement of his total disability status. C.R., Item No. 2, Petition to Review. In a decision issued September 9, 2016, the WCJ found that the September 10, 2013 IRE, performed using the Sixth Edition of the Impairment Guides, was constitutionally invalid in light of *Protz I*. F.F. No. 7. The WCJ ordered reinstatement of Claimant's total disability benefits, effective September 10, 2013, the date of Claimant's IRE. WCJ Decision at 5-6.

Employer appealed on October 13, 2016. While Employer's appeal was still pending before the Board, the Pennsylvania Supreme Court held the entirety of Section 306(a.2) unconstitutional in *Protz II*.

Applying the holding in *Protz II*, the Board affirmed the WCJ's reinstatement of Claimant's total disability benefits in a 5-1 opinion. C.R., Item No. 8, Board Op. at 8. The Board reasoned that Claimant was entitled to relief because he challenged

3

his partial disability status within the 500-week period provided by Section 306(b) and *Protz II* voided the only available method for changing his status from partial to total disability, *i.e.*, securing a new IRE showing an impairment rating of at least 50 percent. *Id.* at 4. The Board modified the WCJ's decision by reinstating Claimant's total disability status as of June 20, 2017, the date the *Protz II* decision was issued. *Id.* at 8.

This appeal by Claimant followed.

## Issues

On appeal,[4] Claimant argues the Board erred when it reinstated Claimant's total disability status as of June 20, 2017, the date the *Protz II* decision was issued, rather than September 10, 2013, the date of Claimant's now-unconstitutional IRE.

## Discussion

In arguing he is entitled to a reinstatement date of September 10, 2013, Claimant relies on this Court's decision in *Thompson v. Workers' Compensation Appeal Board (Exelon Corporation)*, 168 A.3d 408, 413 (Pa. Cmwlth. 2017), in which this Court reversed a modification of benefits based on an IRE deemed invalid under *Protz II*. Claimant maintains that, given the unconstitutionality of the IRE, his change in disability status should be treated as if it never occurred.

Employer argues the Board correctly determined Claimant is not entitled to a reinstatement of disability benefits from the date of his IRE. Relying on this Court's decision in *Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, 188 A.3d 599 (Pa. Cmwlth. 2018), Employer asserts Claimant's

---

[4] Our review of an order of the Board is limited to a determination of whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated, or whether an error of law was committed. *Walter v. Workers' Comp. Appeal Bd. (Evangelical Cmty. Hosp.)*, 128 A.3d 367, 371 n.5 (Pa. Cmwlth. 2015).

4

total disability benefits should be reinstated no earlier than January 21, 2016, the date Claimant filed his review petition. Additionally, Employer maintains that a reinstatement of total disability is not automatic and Claimant must prove he continues to be totally disabled before total disability benefits may be restored.

Resolution of the parties' arguments requires an examination of the relevant cases decided in the wake of *Protz II*. First, we turn to our decision in *Thompson*, which Claimant argues mandates reinstatement of total disability benefits to the date of his IRE. In *Thompson*, the claimant's disability status was changed from total to partial based on an IRE performed on October 13, 2005, pursuant to Section 306(a.2) of the Act. *Thompson*, 168 A.3d at 410. The claimant did not challenge her initial change in disability status. Litigation ensued in December 2010 regarding a suspension of the claimant's benefits and the effective date of the initial modification. *Id.* On November 30, 2012, the WCJ issued an opinion in which she concluded the 2005 IRE established the employer was entitled to modify the claimant's benefits, but the employer's suspension petition was denied. *Id.* The WCJ established an effective date of January 4, 2006 for modification of the claimant's disability status. *Id.* at 411. Following an appeal, the Board determined that the claimant's appeal was time-barred. *Id.* The claimant appealed to this Court, which remanded for consideration of the merits of the claimant's appeal. *Id.* The Board issued a new decision on July 8, 2016, several months after *Protz I* declared the IRE provisions of Section 306(a.2) unconstitutional. *Id.* The Board affirmed the modification of the claimant's benefits but established an effective date of August 30, 2005. *Id.* at 411-12.

In a petition for review filed with this Court, the claimant raised for the first time the unconstitutionality of her IRE. *Id.* at 412. This Court rejected the

5

employer's argument that the claimant's constitutional challenge was untimely and reversed the modification of benefits on the basis that *Protz II* invalidated the IRE. *Id.* at 413. While Thompson's total disability benefits were restored effective August 30, 2005, a date several weeks prior to the date of her IRE, the Court did not explicitly reach the issue of whether a claimant's expired weeks of partial disability should be restored by operation of the decision in *Protz II*. Consequently, we cannot agree with Claimant that *Thompson* is dispositive on this issue.

Approximately 10 months later, this Court decided *Whitfield*, upon which Employer relies for its assertion that, before Claimant's total disability benefits may be restored, Claimant must show he continues to be totally disabled.

In *Whitfield*, the validity of the claimant's IRE, and modification of her disability status, was fully litigated in 2009. 188 A.3d at 602. A petition seeking reinstatement of benefits was filed in November 2015, approximately one month after our decision in *Protz I*. *Id.* at 603. The WCJ denied the petition on the grounds that *Protz I* did not expressly void all prior IREs or state that it applied retroactively. *Id.* The Board affirmed. *Id.* On appeal, this Court determined the claimant was entitled to seek modification of her disability status because her petition requesting such relief was filed within three years from the date of her last payment of compensation. *Id.* at 617. However, reinstatement of her disability benefits required the claimant demonstrate her prior work-related injury continued. *Id.* at 615. While the claimant testified as much before the WCJ, the WCJ denied her reinstatement petition on the grounds *Protz I* did not apply. *Id.* at 616. The WCJ made no credibility findings. *Id.* As a result, the Board's order affirming the decision of the WCJ was vacated and the matter remanded for purposes of determining whether the claimant's disability continued. *Id.* at 617. If the claimant's testimony was credited,

6

as the employer presented no evidence to the contrary, she was entitled to reinstatement "as of the date she filed her Petition." *Id.* at 616.

The *Whitfield* Court did not squarely address the issue of retroactivity. As the Court explained, "[a] law is given retroactive effect when it is used to impose new legal burdens on a past transaction or occurrence." *Id.* at 616 (quoting *Dep't of Labor and Indus., Bureau of Emp't Sec. v. Pa. Eng'g Corp.*, 421 A.2d 521, 523 (Pa. Cmwlth. 1980)). The majority in *Whitfield* was not giving "a prior transaction a legal effect different from that which it had under the law in effect at the time." *Id.* at 617. Rather, it gave effect to the claimant's status as it existed on the date she filed her reinstatement petition. *Id.*

Cases decided by this Court after *Whitfield* confirm the approach that restoration of a claimant's total disability benefits requires the claimant establish continued disability. In *Timcho v. Workers' Compensation Appeal Board (City of Philadelphia)*, 192 A.3d 1219, 1221 (Pa. Cmwlth. 2018), the claimant challenged his IRE on the basis the doctor performing the evaluation failed to follow the dictates of the current edition of the Impairment Guides. The modification of his benefits was affirmed by this Court on January 27, 2016, and the claimant declined to seek further appellate review. *Id.* In a separate action filed on January 5, 2016, the claimant filed a reinstatement petition asserting his total disability benefits should be reinstated under *Protz I*. *Id.* The WCJ denied and dismissed the petition after concluding the claimant failed to preserve the constitutional issue in prior litigation challenging his IRE. *Id.* at 1221-22. The Board affirmed the WCJ. *Id.* at 1223. This Court vacated and remanded, citing *Whitfield*. *Id.* at 1224. As no hearing was held on the merits of the claimant's reinstatement petition, further proceedings were

required to determine whether the claimant continued to be disabled by his work injury. *Id.*

In an unreported opinion of this Court,[5] *Pavlack v. Workers' Compensation Appeal Board (UPMC South Side)* (Pa. Cmwlth., No. 702 C.D. 2017, filed June 6, 2018), 2018 WL 2708524, following an IRE, the claimant's disability status was modified effective October 8, 2007. *Id.*, slip op. at 1. The claimant did not appeal the modification. *Id.* In November 2015, the claimant filed a petition to set aside the IRE as unconstitutional under *Protz I. Id.* The WCJ dismissed on the basis *Protz I* did not apply retroactively. *Id.* at 2. The claimant appealed to the Board, which affirmed. *Id.* As the parties presented no evidence before the WCJ, but rather relied exclusively on their legal arguments, this Court vacated and remanded for a hearing to determine whether the claimant continued to be disabled. *Id.* at 4. The Court cited *Whitfield*, and its conclusion that reinstatement, if warranted, would occur as of the date the reinstatement and/or modification petition was filed. *Id.*

This Court addressed the retroactivity of *Protz II* in *Dana Holding Corp. v. Workers' Compensation Appeal Board (Smuck)*, 195 A.3d 635 (Pa. Cmwlth. 2018). The IRE in *Dana Holding* was performed on June 20, 2014. *Id.* at 638. Following a determination that the claimant had a whole body impairment rating of 11 percent, the employer modified his disability status from total to partial. *Id.* The claimant challenged the modification and hearings were held before the WCJ. *Id.* After the record was closed but before the WCJ rendered a decision, this Court issued its opinion in *Protz I. Id.* Consequently, the WCJ allowed the employer to present a new IRE using the Fourth edition of the Impairment Guides. *Id.* at 639. The second

---

[5] Unreported cases may be cited as persuasive authority. *See* Commonwealth Court Internal Operating Procedure 414, 210 Pa. Code § 69.414 (an unreported panel decision of the Commonwealth Court, issued after January 15, 2008, may be cited for its persuasive value).

IRE assigned the claimant an impairment rating of 15 percent. *Id.* The WCJ modified the claimant's disability status from total to partial based on the results of the second IRE, effective June 20, 2014. *Id.* While the claimant's appeal to the Board was pending, the Supreme Court decided *Protz II*. *Id.* Relying on *Protz II*, the Board reversed the decision of the WCJ and reinstated the claimant's total disability benefits as of June 20, 2014, the date of the disputed IRE. *Id.* at 639-40.

On appeal to this Court, the employer argued it should receive a credit for the three years of partial disability benefits paid to the claimant from the date of the IRE through the date *Protz II* was decided. *Id.* at 640. This Court rejected the employer's argument, noting it did not take into consideration the fact that the IRE determination was never final and, had the IRE been overturned on the merits, the employer would not have been entitled to any credit for the period of partial disability. *Id.* at 643. The Court concluded that the time period between the date of the IRE and the decision in *Protz II* should not be counted against the claimant's 500-week period of partial disability. *Id*.

Finally, in another unreported opinion, *Simmons v. Workers' Compensation Appeal Board (Sunoco, Inc. (R&M))* (Pa. Cmwlth., No. 51 C.D. 2018, filed December 6, 2018), 2018 WL 6367499, slip op. at 2, the claimant, who suffered a work injury in 2006, had his disability status changed from total to partial based on a 2009 IRE. *Id*. The claimant did not challenge this change in status until after *Protz I* was decided in 2015. *Id.*, slip op. at 3. The claimant's reinstatement petition was denied by the WCJ as untimely. *Id.* The claimant appealed to the Board. *Id.*, slip op. at 4. While the claimant's appeal was pending before the Board, the Supreme Court issued its decision in *Protz II*. *Id.* The Board reversed the decision of the WCJ and reinstated the claimant's total disability status as of June 20, 2017, the date

*Protz II* was decided. *Id.* This Court vacated and remanded for a hearing to determine whether the claimant continued to be disabled. *Id.*, slip op. at 8. In its opinion, the Court noted one of the central holdings in *Whitfield* that, if the claimant met his burden and the employer failed to present evidence to the contrary, the claimant was entitled to reinstatement "**as of the date [the claimant] filed [his or her] [p]etition**." *Id.*, slip op. at 7 (emphasis in original).

In light of this precedential and persuasive history, we conclude the facts in *Dana Holding* are sufficiently distinguishable. The claimant in *Dana Holding* was still disputing the *initial* modification of his disability status, before the *Protz I* decision was handed down. In the instant matter, Claimant never challenged Employer's November 20, 2013 change of disability status and his review petition was filed more than two years later in January 2016, a few months after this Court issued its decision in *Protz I.* As such, *Dana Holding* cannot inform our decision here. Rather, given the facts before us, we agree with Employer that our recent decision in *Whitfield* is more persuasive.

Here, Claimant filed his review petition within three years from the date of his last payment of compensation. The WCJ took no testimony and made no credibility findings. Reinstatement of Claimant's benefits was based solely on *Protz I* and the legal arguments of the parties. The Board directed reinstatement of benefits as of the date *Protz II* was decided. We recognize that the Board did not have the benefit of our decision in *Whitfield* when it reinstated Claimant's benefits as of June 20, 2017, the day *Protz II* was issued. That date, however, conflicts with *Whitfield*, which holds that reinstatement should be the date upon which Claimant filed his reinstatement petition. As such, we agree with Employer that, if Claimant

10

demonstrates he continues to be disabled, the correct date of his reinstatement is January 21, 2016.

Accordingly, consistent with our decision in *Whitfield*, we vacate the order of the Board and remand this matter to the Board. The Board is directed to further remand this matter to the WCJ for an evidentiary hearing to determine whether Claimant's work-related injury continues or Claimant remains disabled.


 

 

ELLEN CEISLER, Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Womack,                          :
                    Petitioner         :
                                       :
          v.                           :   No. 14 C.D. 2018
                                       :
Workers' Compensation Appeal           :
Board (Philadelphia Parking            :
Authority),                            :
                    Respondent         :

# **O R D E R**

AND NOW, this 13ᵗʰ day of March, 2019, the order of the Workers'
Compensation Appeal Board (Board) dated December 19, 2017, is vacated, and this
matter is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.


_____
ELLEN CEISLER, Judge