IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eastman Kodak Company, :
                Petitioner :
                 :
                 : No. 1020 C.D. 2020
         v. :
                 : Submitted: July 9, 2021
James Smith (Workers' Compensation :
Appeal Board), :
                Respondent :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                FILED: December 23, 2021


Eastman Kodak Company (Employer) petitions for review of the September 16, 2020 order of the Workers' Compensation Appeal Board (Board), which affirmed, as modified, the decision of a workers' compensation judge (WCJ) granting James Smith's (Claimant's) petition to reinstate total disability benefits based upon an unconstitutional impairment rating evaluation (IRE) and *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017). Employer contends that the WCJ erred in applying *Protz* retroactively to reinstate Claimant's disability status from partial to total disability when there was no litigation or direct appeal pending when *Protz* was decided and in setting aside a supplemental agreement that was entered into pre-*Protz* and modified Claimant's disability status from total to partial as a result of the IRE. We disagree and affirm.

## Background

The relevant facts are undisputed and may be summarized as follows. On July 25, 2007, Claimant sustained a work-related injury while employed with Employer. Through a Notice of Temporary Compensation Payable, which later converted to a Notice of Compensation Payable, Employer accepted liability for fractures of Claimant's right arm/wrist and cervical spine. On July 20, 2011, Claimant underwent an IRE, as previously provided for in former section 306(a.2)(1) of the Workers' Compensation Act (Act),[1] which stated that physicians must use "the most recent edition" of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (AMA Guides). *Formerly* 77 P.S. §511.2(1).[2] The IRE was conducted by applying the Sixth Edition of the AMA Guides and determined that Claimant had a 23% whole body impairment. Because Claimant's impairment level fell below 50%, the parties executed a Supplemental Agreement on August 15, 2011, changing Claimant's disability status from total to partial, effective July 20, 2011, for a period of 500 weeks.[3] Thereafter, Claimant filed a review petition, and, in a decision and order circulated on October 31, 2013, a WCJ granted the petition and added reflex sympathetic dystrophy and chronic regional pain syndrome of the right

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710.

[2] Added by Section 4 of the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, repealed by the Act of October 24, 2018, P.L. 714, No. 111 (Act 111).

[3] Former section 306(a.2) of the Act provided for modification from total to partial disability when a claimant was shown to have an impairment rating of less than 50%. Although a change in status from total to partial disability under section 306(a.2) did not alter the rate of compensation, the practical effect was to limit the receipt of partial disability benefits to 500 weeks. *Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, 188 A.3d 599, 602 n.2 (Pa. Cmwlth. 2018) (*en banc*); *see* section 306(b)(1) of the Act, 77 P.S. §512(1) (limiting a claimant's receipt of partial disability benefits to 500 weeks).

hand as compensable injuries. (WCJ's Findings of Fact (F.F.) at Nos. 1-3; Board's decision at 1-2.)

On June 20, 2017, our Supreme Court decided *Protz,* wherein it concluded that the IRE procedure in former section 306(a.2) of the Act was an unconstitutional delegation of legislative power, in large part, because the AMA Guides have been revised and replaced with new editions and medical standards to evaluate bodily impairment following the legislature's enactment of the statutory section. Notably, the Fourth Edition of the AMA Guides was the version in effect at the time former section 306(a.2) was enacted. *See Protz*, 161 A.3d at 839-41.[4]

On October 18, 2017, before his 500 weeks of partial disability benefits had expired, Claimant filed the instant reinstatement petition, based upon an unconstitutional IRE and *Protz*, seeking reinstatement to total disability benefits as of July 20, 2011. Employer subsequently appealed to the Board. On February 28, 2019, the Board, citing our intervening decision in *Whitfield* and the General Assembly's enactment of Act 111, *see supra* note 3, remanded the case for the WCJ to conduct a hearing and determine whether Claimant continues to be disabled from the work-related injury. (WCJ's F.F. at No. 4; Board's decision at 2.)

---

[4] In response to *Protz*, the legislature enacted Act 111. Act 111 repealed section 306(a.2) and replaced it with section 306(a.3) of the Act, 77 P.S. §511.3. In passing section 306(a.3), the legislature specified that an IRE must be conducted in accordance with the Sixth Edition of the AMA Guides, particularly the second printing in April 2009, and a claimant's whole body impairment must be less than 35% in order for the claimant to be moved from total to partial disability status. 77 P.S. §511.3. Although, here, Claimant underwent an IRE that utilized the Sixth Edition of the AMA Guides, this does not alter the fact that *Protz* invalidated that IRE as unconstitutional because it was conducted pursuant to former section 306(a.2). *See Protz*, 161 A.3d at 841 ("[W]e hold that [former] [s]ection 306(a.2) is unconstitutional in its entirety."); *City of Pittsburgh v. Workers' Compensation Appeal Board (Donovan)*, 252 A.3d 1189, 1203 (Pa. Cmwlth. 2021) (stating that "Act 111 did not rescue earlier, invalidated IREs merely because they happened to be conducted under the Sixth Edition of the [AMA Guides]").

On September 17, 2019, the WCJ issued her decision and order on remand. The WCJ concluded that Claimant adduced sufficient evidence to establish that he remains disabled by his 2007 work-related injury. Like her previous decision and order, the WCJ determined that Claimant was entitled to reinstatement of total disability benefits with an effective date of July 20, 2011. (WCJ's F.F. at Nos. 6-8; Conclusions of Law at No. 4.)

Employer filed another appeal to the Board, arguing that the WCJ erred in reinstating Claimant's status from partial disability to total disability because *Protz* did not apply retroactively to this case and litigation was not pending when *Protz* was decided. Employer also contended that Claimant waived any *Protz*-based constitutional challenge to the IRE by failing to raise it at the time the parties entered into the Supplemental Agreement. Alternatively, Employer asserted that the WCJ erred in reinstating Claimant's total disability status as of the date of the original IRE rather than the date on which the reinstatement petition was filed. Relying on *Whitfield* and *Timcho v. Workers' Compensation Appeal Board (City of Philadelphia)*, 192 A.3d 1219 (Pa. Cmwlth. 2018) (*en banc*), the Board rejected Employer's waiver and retroactivity arguments, determined that Claimant's reinstatement petition was timely filed, *i.e.*, within three years from the date of his last payment of compensation and before he had exhausted his 500 weeks of partial disability, *see* section 413(a) of the Act, 77 P.S. §772, and concluded Claimant was entitled to reinstatement of total disability benefits based on *Protz* and an unconstitutional IRE. Nonetheless, the Board, citing *Whitfield*, agreed with Employer that the WCJ erred in reinstating Claimant's total disability status as of the date of the original IRE, rather than the date on which the reinstatement petition was filed.

4

Accordingly, the Board affirmed the WCJ's decision and order, but modified it to reflect a reinstatement date of October 18, 2017. (Board's decision at 3-6.)

Thereafter, Employer filed a petition for review in this Court.[5]

**Discussion**

In its appellate brief, Employer advances arguments that have been squarely rejected by, and run counter to, the precedent of this Court.[6]

Initially, Employer asserts that the Board, and necessarily the WCJ, erred in applying *Protz* and reinstating Claimant's disability status to total disability where Claimant did not assert and preserve a claim that his IRE was unconstitutional during proceedings before the WCJ or on direct review. According to Employer, Claimant cannot obtain reinstatement because he filed his petition after *Protz* was decided and *Protz* cannot be applied retroactively.

To the contrary, in *White v. Workers' Compensation Appeal Board (City of Philadelphia)*, 237 A.3d 1225 (Pa. Cmwlth. 2020) (*en banc*), this Court reaffirmed our decision in *Whitfield* and reiterated that, when a claimant challenges an IRE on *Protz* grounds, not on direct review, but in a new petition after *Protz* was decided, a claimant "is entitled to reinstatement as of the date of [the] reinstatement petition." *White*, 237 A.3d at 1231; *see Rose Corporation v. Workers' Compensation Appeal*

---

[5] Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, or whether findings of fact are supported by substantial evidence. *Anderson v. Workers' Compensation Appeal Board (Penn Center for Rehab)*, 15 A.3d 944, 947 n.1 (Pa. Cmwlth. 2010).

[6] By *per curiam* order dated July 7, 2021, this Court precluded Claimant from filing an appellate brief in this matter because Claimant failed to comply with our May 6, 2021 order, which directed Claimant to file a brief within 14 days.

*Board (Espada)*, 238 A.3d 551, 555-56 (Pa. Cmwlth. 2020) (*en banc*) (stating that, pursuant to *White*, when a claimant files a petition for reinstatement following the decision in *Protz*, and demonstrates an ongoing disability from a work injury, "the claimant is entitled to reinstatement as of the date the claimant's petition was filed"). Moreover, "[s]imply because *Protz* [] is being applied to a case that arose from a work injury and a change in disability status that predates it does not mean it operates retroactively. . . . Rather, it gives effect to the [c]laimant's status as it existed at the time [he] filed [his] reinstatement petition." *City of Pittsburgh*, 252 A.3d at 1197-98 (internal citations omitted).

Next, Employer asserts that the Board erred in affirming the WCJ to the extent that the WCJ set aside the Supplemental Agreement and modified Claimant's disability status based on *Protz*. In Employer's view, the WCJ lacked the authority to alter the terms of the Supplemental Agreement because there was no evidence to establish that the Supplemental Agreement was materially incorrect on the date of its execution, August 15, 2011, which predated the *Protz* decision.

However, in making this argument, Employer overlooks the second paragraph of section 413(a) of the Act. This statutory provision states, in relevant part, as follows:

> **A [WCJ] may**, **at any time**, modify, reinstate, suspend, or **terminate a** notice of compensation payable, an original or **supplemental agreement** or an award of the [WCJ], **upon petition filed by either party** with the department, **upon proof that the disability of an injured employe has** increased, decreased, **recurred**, or has temporarily or finally ceased, or that the status of any dependent has changed. Such modification, reinstatement, suspension, or termination shall be made as of the date upon which it is shown that the disability of the injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or upon which it is shown that the status of any

6

dependent has changed: **Provided, [t]hat . . . no** notice of compensation payable, **agreement** or award **shall be** reviewed, or **modified**, or reinstated, **unless a petition is filed with . . . within three years after the date of the most recent payment of compensation made prior to the filing of such petition**.

77 P.S. §772 (emphasis added).

Here, as a matter of law, Claimant's status of total disability "recurred" when the Supreme Court issued *Protz* and invalidated the IRE that originally changed Claimant's status from total to partial disability. In accordance with section 413(a) of the Act, Claimant filed his reinstatement petition "within three years after the date of [his] most recent compensation payment" and "before he had exhausted his 500 weeks of partial disability," thus "rendering [his] petition timely under section 413(a) of the Act." *City of Pittsburgh*, 252 A.3d at 1197 (internal citations omitted); *see Timcho*, 192 A.3d at 1223 (stating that when a claimant files his/her "reinstatement petition within three years of the date of [the] most recent payment of compensation as permitted by [s]ection 413(a) of the Act, [the claimant] was entitled, as a matter of law, to seek modification of her disability status based on the *Protz* decision"). Notably, at the time of its execution, the Supplemental Agreement was based upon an IRE which was, is, and has always been unconstitutional and void. *See Glen-Gery Corporation v. Zoning Hearing Board of Dover Township*, 907 A.2d 1033, 1038 (Pa. 2006) (concluding that "a statute held unconstitutional is considered void in its entirety and inoperative as if it had no existence from the time of its enactment" and "is an utter nullity") (internal citations omitted). Therefore, notwithstanding the Supplemental Agreement, the WCJ possessed the statutory authority, per section 413(a), to modify the Supplemental Agreement and reinstate Claimant's disability status to total disability.

7

## Conclusion

Accordingly, for the above-stated reasons, we affirm the Board's September 16, 2020 order.

_____
PATRICIA A. McCULLOUGH, Judge

Judge Fizzano Cannon did not participate in this decision.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eastman Kodak Company, : 
            Petitioner : 
             : No. 1020 C.D. 2020
            v. : 
             : 
James Smith (Workers' Compensation : 
Appeal Board), : 
            Respondent : 

## ***ORDER***

AND NOW, this 23rd day of December, 2021, the September 16, 2020 order of the Workers' Compensation Appeal Board is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge